Baker v. Marshall et al.

## D. A. J. BAKER,

### *vs.*

### WM. R. MARSHAL et al.

Mandamus will not lie if the relator has a specific or adequate remedy at law.

Bridge stock is a subject of pecuniary value only, capable of being fully compensated for in damages.

Where there are two adverse claimants to certain shares of the capital stock of a bridge company, if the company wrongfully issues certificates for such stock, the ownership of which is so disputed, to one of such adverse claimants, and refuses to issue certificates thereof to the other, the latter has an adequate remedy at law.

Where an incorporated bridge company in good faith transferred on their books, and issued certificates of capital stock therein to a person having color of title to such stock, and claiming to be the owner thereof adversely to the relator, the latter has a remedy at law, and mandamus will not lie after such certificates have been issued to compel the company to issue certificates for such stock to the relator also.

The plaintiff applied to the district court for Ramsey county for a writ of mandamus, to be directed to Wm. R. Marshall, president, Peter Berkey, treasurer, and Wm. H. Kelley, secretary of the St. Paul Bridge Company, commanding them to issue to the plaintiff certificates for 17½ shares of the capital stock of said company. An alternative writ of mandamus was granted. The affidavit or information upon which the writ was granted, stated, among other things, that the plaintiff subscribed $5000 to the capital stock of the company, the same being for 50 shares of $100 each; that he paid to said company on account of such subscription $1750; that the board of directors of said company ordered the issuance of certificates of shares in said stock to the plaintiff and other subscribers thereto, to the amount of the moneys paid in on said subscriptions, being seventeen and one-half shares of one hundred dollars each, to the plaintiff; that it was the duty of the defendants to issue the same, and that they refused to perform such duty.

The defendants answered, admitting the subscription and amount paid thereon by the plaintiff; denying that the board of directors ordered the issuance of any certificates of stock to the plaintiff, but admitting that the company did order and direct, that certificates of stock issue to those subscribers who had not paid in full, for the amount paid for by them respectively, and averred that long prior to such order, and the application for said writ, while plaintiff was in default by the non-payment of assessments due on his subscription, all the interest of the plaintiff in said subscription and stock, was duly levied upon and sold, under and by virtue of an execution issued out of the district court of Ramsey county, upon a certain judgment therein against the plaintiff; that at such sale one Richard Claytor became the purchaser; that afterwards the subscrip-

tion of said plaintiff, as well as that of all other subscribers who had not paid in full, was by the said company reduced one-half, leaving the plaintiff's subscription at $2500, with $1750 paid, and a balance of $750 due thereon; that such balance was paid by said Claytor and the stock subscribed for by the plaintiff, which had been transferred on the books of said company to said Claytor, after the said reduction, to wit: 25 shares were issued to said Claytor; that afterwards and before the allowance of the writ, said Claytor sold and transferred 20 shares of said stock, for a valuable consideration, to the City of St. Paul.

The court below, upon the affidavit, writ and answer, granted a peremptory mandamus, and the defendants appeal from the order granting the same to this court.

W. A. GORMAN, for Appellant.

ALLIS, GILFILLAN & WILLIAMS, for Respondent.

*By the Court*—McMILLAN, J.—So far as the paper books before us show, the court below made no findings upon the issues of fact presented by the affidavit and answer, but awarded the writ of mandamus upon the pleadings. In determining the case therefore, we must assume the truth of the defendants' answer, and if upon the facts stated therein the plaintiff is not entitled to the writ, the judgment appealed from must be reversed.

The first point made by the appellant is, that mandamus will not lie.

The answer of the defendants shows that the Bridge Co. have already issued certificates of stock to Claytor for twenty-five shares, being the whole amount of the stock, (after the reduction by the company,) originally subscribed for by Baker, and including the seventeen and one half

shares for which he now demands certificates, and that twenty shares of such stock have been transferred by Claytor to the city or St. Paul for a valuable and adequate consideration.

The refusal of the company to issue to the plaintiff, certificates for the stock claimed, is based upon a denial of his ownership of the stock, and the allegation of ownership in Claytor, and that the certificates of stock have already been issued to him.

The plaintiff claims that the stock, at the time it was levied on, was not subject to levy under our statute; that, therefore, the pretended levy and sale under the judgment and execution of Baker's interest in the stock in 1858, passed nothing to Claytor the purchaser.

The entire case depends upon this question, which is one of a private right to property. The Bridge Company could not be compelled to issue certificates of stock to both these claimants, and *having issued the certificate* to Claytor in *good faith, under color of title in him,* we cannot in this proceeding try the question of ownership, or the validity of his title. 2 *Redfield on Railways, pp.* 289—90. *citing Nash ex parte,* 15, 2, *B.* 92.

The authorities we believe do not disagree, that mandamus will not lie, if the plaintiff has a specific remedy at law, or an adequate remedy equivalent thereto. *Ang. & Ames on Corp.* § 712. *Daniel Wilkinson 2d. vs. Providence Bank* 3 *R. I.* 22. *Shipley vs. Mechanics' Bank,* 10 *Johns* 484. *American Asylum vs. Phenix Bank,* 4 *Conn.* 172. It has been repeatedly held, that mandamus will not lie to compel a bank to permit shares of the capital stock to be transferred on the books, by a party claiming to be the owner, on the ground that the party had an adequate remedy by action. *Rex vs. Bk of England, cited in Kortright vs. Buffalo*

Baker v. Marshall et al.

*Com. Bk.* 20 *Wend.* 94 ; 22 *Wend.* 348.    *Shipley vs. Mech-anics Bank,* 10 *Johns.,* 484.    *American Asylum vs. Phenix Bank,* 4 *Conn.* 172.    *Ex parte the Firemens' Insurance Co.* 6 *Hill* 243, *and authorities cited.    Daniel Wilkinson 2d vs. Providence Bank,* 3 *Rhode Island* 22.    *Ang. & Ames on Corp.* § 710.    *Sargent vs. Franklin Insurance Co.* 8 *Pick.,* 90.

Green, C. J. delivering the opinion of the court in *Wilkinson vs. Providence Bank,* cited *ante,* says, "the law regards bank stock as a subject of pecuniary value only, capable of being fully compensated for in damages. The corporate rights are merely incidental to the stock, and of no value, except in connection with it." We are unable to discover any difference in the nature of bridge and bank stocks, and are of opinion, that the remarks quoted apply with equal force here, as in the case in which they were made. If in the cases cited a remedy at law existed, certainly there can be no doubt that the plaintiff in the case at bar has such remedy ; for here the bridge company not only refuses to give the cerfificates of stock to the plaintiff, but has actually transferred the stock on its books, and issued certificates of ownership thereof to Claytor.

It is also to be observed in this case, that the rights of Claytor and the city of St. Paul, who are not parties to this proceeding, would be materially affected by granting the plaintiff the relief sought.

There are other questions presented we need not consider at this time.

Judgment reversed.