THE STATE *ex rel*. BORNEFELD, Appellant, *v.* ROBERT J. ROMBAUER, Respondent.

1. *Corporations — Transfer of stock — Action at law, and not mandamus, the proper remedy.* — Where a corporation improperly refuses to transfer stock on its books, the party injured has an ample remedy by an action at law for the market value of the stocks, and *mandamus* to compel such transfer will not lie.

*Appeal from St. Louis Circuit Court.*

*Kinealy*, for appellant.

*Finkelnburg & Rassieur*, and *Krum & Decker*, for respondent.

Relator has an action at law — a complete and adequate remedy — and where a substantial remedy by action at law exists, *mandamus* does not lie. (State *ex rel*. Bohannan v. Howard County, 39 Mo. 376; *ex parte* Freeman's Ins. Co., 6 Hill, 243; Shipley v. Merchants' Bank, 10 Johns. 485; King v. Bank of England, Doug. 525; Ang. & Ames on Corp., 8th ed., §§ 709, 710.)

WAGNER, Judge, delivered the opinion of the court.

This was an application for a *mandamus* made to the St. Louis Circuit Court by the relator against the respondent as president of the German Publishing Company. The writ recites that the German Publishing Company was organized as a corpo-

ration under the statute laws of this State, and that the respondent was president of the corporation and the custodian of its books; that on the 19th day of May, 1869, one August Lenz was a stockholder in said company and owned more than two shares of the capital stock, and was registered as such owner on the books of the company; that afterward, on the day last mentioned, the said Lenz being then and there the owner of said shares, did sell and assign unto the relator all the right, title, and nterest of him, the said Lenz, in and to two of said shares of the capital stock of said company, and did execute and deliver to the relator his bill of sale of said two shares; that afterward, on the 21st day of May, 1869, relator notified the corporation, and the respondent as president, that Lenz had assigned and sold said shares to him, and exhibited to the respondent the bill of sale, and then requested and demanded in writing that the shares should be transferred to him on the books of the company, and that the request was without any good cause refused; and that afterward, at a reasonable time, he demanded access to the books of the company to inspect and examine the same, which demand was also refused. He then prayed for a writ of *mandamus* to compel the company to make the transfer.

An alternative writ was granted, and upon a return thereof the respondent moved to quash the same, because the matters and things therein set forth were not sufficient to entitle the relator to the relief asked for, or to authorize the issuance of the writ. This motion was sustained, and the relator appealed.

It is very clear that the relator misconceived his remedy, and that he may obtain adequate and ample redress without resorting to a proceeding by *mandamus*. If he has good title to the stock he can recover the market value in an ordinary action. There can be no necessity for his possessing the identical shares in question. A controversy might spring up in regard to the ownership, and that would require an adjudication at law. Courts will not venture on determining such matters by proceedings on *mandamus*.

It is the uniform and current ruling of the courts that where a corporation improperly refuses to transfer stock on its books,

the party injured has an ample remedy by action, and therefore a *mandamus* to compel such transfer will not lie. Mr. Angell, in speaking on this subject, says: "Upon this ground a *mandamus* has been refused to compel a bank to permit a transfer of stock on the books of the company, since complete satisfaction, equivalent to a specific relief, may be obtained in an action on the case." (Ang. & Ames on Corp., § 710; King v. Bank of England, Doug. 526; Boyce v. Russell, 2 Cow. 444; Shipley v. Mechanics' Bank, 10 Johns. 484; Asylum, etc., v. Phoenix Bank, 4 Conn. 172; *ex parte* Fireman's Ins. Co., 6 Hill, 243; Wilkinson v. Providence Bank, 3 R. I. 22.)

Judgment affirmed. The other judges concur.