ARTHUR WARNER, RESPONDENT, v. JOHN MYERS, APPELLANT.

MANDAMUS.—The writ of mandamus is the proper remedy to compel the incumbent of an office to deliver to his successor the appurtenances, etc., thereof.

IDEM.—The proceeding under the writ cannot be used as a means of determining the ultimate rights of the parties to the office.

WHAT MAY BE INQUIRED INTO UNDER THE WRIT.—The principal fact to be ascertained is, to whom did the Board of Canvassers award the certificate of election ? It being the duty of the Board to determine this question in the first instance, the correctness of its decision cannot be inquired into in this form of proceeding. Its decision, although erroneous in point of law or fact, must stand until reversed or set aside by a competent tribunal and in a proceeding where its correctness may be inquired into.

APPEAL from Clackamas County.

Respondent filed a petition in the Circuit Court of Clackamas County, praying for a writ of mandamus to compel appellant to deliver to him the jail of the county, with its appurtenances and property therein belonging to the county.

The petition alleges that Warner was duly elected Sheriff of said county on the 6th day of June, 1870; and that since said election he has duly qualified and entered upon the duties of said office. That Myers was the acting Sheriff of said county prior to the election and qualification of said petitioner. Myers, in his return to the writ, alleges that he had received a majority of all the legal votes cast in Clackamas County for said office of Sheriff; and that a proceeding was then pending in Court wherein he is contesting

the right of respondent to hold said office. This portion of the return was stricken out on motion as irrelevant matter, to which ruling of the Court appellant excepted.

At the trial respondent produced in evidence the certificate of election issued to him upon the canvass of the votes and his oath of office indorsed thereon; his official undertaking with affidavits of justification of sureties, together with its indorsement of approval and filing. He then produced a certificate from the County Clerk, showing that he had qualified as Sheriff on the 5th day of July, 1870. Appellant then proved that he had been in possession of the county jail continuously during the past year.

On final hearing the writ was made peremptory by the Court as prayed for in the petition.

Myers appealed.

*Kelly & Reed,* for Appellant.

*Johnson & McCown,* for Respondent.

By the Court, PRIM, C. J.:

This was a proceeding in the Circuit of Clackamas to compel appellant by a writ of mandamus to deliver to respondent the county jail with its appurtenances and property therein belonging to the county. Under the provisions of our Code the office of this writ is precisely the same as it was at common law. It may be issued to any inferior court, corporation, board, officer or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office of trust or station. (Civ. Code, § 583.)

Two questions are raised by appellant on this appeal:

First. He claims this writ was improperly issued, for the reason that respondent had a plain, speedy and adequate remedy in the ordinary course of law.

Second. That the Court erred in striking from his return to the writ that portion which alleges that he had received a majority of all the legal votes cast for the office of Sheriff in the county of Clackamas; and that a proceeding was

then pending in the Court wherein he was contesting the right of respondent to hold said office of Sheriff.

We will first consider the question whether respondent had a plain, speedy and adequate remedy in the ordinary course of law. If he had, the same section of the Code just referred to provides that this writ shall not issue.

The only remedy pointed out by counsel for appellant is that provision of our statute which provides how the election of any person to any county or district office may be contested. (Mis. Laws, ch. 14, §§ 41, 42.) Sec. 41 provides that "any person wishing to contest the election of any person to any county or district office may give notice in writing to the person whose election he intends to contest, that his election will be contested, stating the cause of such contest briefly, within thirty days from the time said person shall claim to have been elected." The next section provides that "such notice shall be served as a summons ten days before the hearing of said contest, and that if the Circuit Court cannot hear it in term time within one month of the termination of such election, the Circuit Judge may hear and determine it at chambers as soon thereafter as may be practicable, and shall make all necessary orders for the trial of the case." It further provides that "the County Clerk shall issue a certificate to the person declared to be duly elected by said Court." Here this proceeding ends. All the Court can do in a proceeding of this nature, is to determine who was duly elected, and order a certificate to be issued by the Clerk to the person so declared duly elected. Respondent had no occasion to resort to this remedy, as he was already in the possession of a certificate of election duly issued by the County Clerk in pursuance of the decision of the Board of Canvassers, whose duty it was under the law to canvass the votes and determine who had received a majority of all the legal votes cast. If he had resorted to this proceeding, all the Court or Judge could have awarded to him at the end of the proceeding would have been a certificate of election. With such a certificate in his possession he could not have entered upon the duties of the office until he had qualified by taking the oath of office and

filing his official undertaking. This is precisely what he could have done, and in fact had done under the certificate which he already had at the commencement of this proceeding. But appellant having been the former incumbent of the office, refused to recognize respondent as Sheriff, and refused to deliver to him the county jail with its appurtenances and property therein belonging to the county, to the possession of which the Sheriff is entitled by virtue of his office. Thus it will be seen that the remedy pointed by respondent is entirely inadequate to meet the emergency of this case. What appellant desires is, to be placed in the actual possession of the county jail and its appurtenances; and we know of no other plain and speedy remedy, in the ordinary course of the law, by which this object can be obtained.

The statute concerning elections (Mis. Laws, ch. 14, § 35) "makes it the duty of the county clerk, when the votes are canvassed, to make out a certificate of election, to each of the persons having the highest number of votes," etc. By § 9, General Laws (p. 692), "the sheriff must qualify by filing with the county clerk of the county wherein he is elected, his certificate of election, with an oath of office indorsed thereon, * * * and also give and file the undertaking hereinafter provided." By § 983 (Civ. Code): "When a new sheriff is elected or appointed, and has qualified, the county clerk shall give him a certificate of that fact, under the seal of his office." "Whenever thereafter the new sheriff is authorized by statute to enter upon the duties of the office, he shall serve such certificate upon the former sheriff, from which time his powers cease, except when otherwise specially provided." By § 984: "Within one day after the service of the certificate upon the former sheriff, he shall deliver to his successor the jail of the county with its appurtenances and the property of the county therein."

Under the provisions of the Code just cited above, and under the facts appearing in this record, it was the duty of appellant to deliver to respondent the county jail with

its appurtenances and property therein belonging to the county.

The next question to be determined is whether that portion of appellant's return to the writ should have been stricken out by the Court, which alleges that he had received a majority of all the votes cast and that a proceeding was then pending in Court in which appellant was contesting respondent's right to hold said office. We think it is well settled by authority, and conceded to be law by both parties, that this proceeding cannot be used as a means of determining the ultimate rights to the office.

The principal question of fact to be ascertained in this proceeding is, what was the decision of the Board of Canvassers? To whom did that Board award the certificate of election? It was the duty of that Board to decide that question in the first instance, and the correctness of its decision cannot be enquired into in this proceeding. Its decision, although erroneous in point of law or fact, must stand until reversed and set aside by a competent tribunal, and in a proceeding where its correctness may be enquired into. (*Lawrence* v. *Houghton*, 5 Johnson, 128; 6 Hill, 114; 4 Renmen, 329; 2 Seldon, 137.) The fact that an appeal has been taken does not affect the conclusive nature of the decision while it remains unreversed. (49 Barb. 166.)

The Court acted correctly in striking out that portion of the return in question, for the reason that it presented matter irrelevant and not pleadable in this proceeding.

Judgment affirmed.

Mr. Justice McARTHUR did not sit in the cause.