DETERMINED IN THE

# SUPREME COURT,

## JULY TERM, 1880.

9    41
11   434
5*  209

9    41
23   218
31* 515

GEORGE H. DURHAM, Respondent, v. THE MONUMENTAL SILVER MINING COMPANY, Appellant.

MANDAMUS—NOT ALLOWED WHERE REMEDY AT LAW IS ADEQUATE.

Mandamus is not the proper remedy where the plaintiff has a plain, speedy and adequate remedy in the ordinary course of the law.

PRIVATE CORPORATIONS—RIGHTS OF CLAIMANTS MUST BE DETERMINED BY COURTS OF LAW.

Where the plaintiff claimed to be the owner of certain shares in a mining corporation by purchase at a sheriff's sale, which the secretary refused to transfer on the stock book: *Held*, that mandamus is not the proper remedy, as the plaintiff has an adequate remedy at law by an action against the corporation for the value of the stock claimed.

Where it appears that the same stock is claimed by other persons, not parties to the proceedings before the court: *Held*, that mandamus would not lie to compel the transfer of the stock to the plaintiff.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Mitchell & Dement and J. H. Reed*, for appellant.

Contend, first, that respondent is not entitled to the extraordinary remedy by writ of mandamus, for the reason that he has a plain, speedy and adequate remedy at law. (Civil Code, section 583; High on Extraordinary Legal Remedies, section 313; Angell and Ames on Corporations, section 710; *Kimball* v. *Union Water Co.*, 44 Cal., 173.)

Second, that, originally, the writ of mandamus was a pre-

rogative writ, in contradistinction to a writ of right, and only issued against officers of the crown, and now it only issues in matters of public concern.    (Angell and Ames on Corporations, section 717; *King* v. *London Assurance*, 5 Barn. & Ald., 7 Eng. C. L. R., 295.)

Mandamus will not lie to decide the right and title to property between the plaintiff and third persons who are not made parties to the record.    (High on Extraordinary Legal Remedies, section 314; 12 Nevada, 105; 110 Mass., 95; 46 Mo., 155; 8 Pick., 90; 3 Vroom, 439.)

*Durham & Thompson*, for respondent.

We admit that the weight of authority is in favor of the proposition that mandamus will not lie to compel the transfer of stock upon the books of a private corporation in cases where the stock in question has been sold at private or voluntary sale, and the parties have a plain, speedy and adequate remedy at law.

But we maintain that the rule is different in cases where the stock in question has been the subject of a sale upon execution.    We think that such distinction exists independent of any statutory provisions upon the subject, but perhaps it is not necessary to consider that question, as we believe our statute has regulated the proceedings in cases of this kind.

Section 13, page 527 of the general laws of this state, provides, " that stock in all private corporations organized under this chapter, are to be deemed personal property, and subject to attachment, execution and sale," and when sold by the sheriff, it provides that the corporation " is required to make the necessary transfer upon the stock book."

Every step in a sale upon execution is to be performed by a public officer, and the corporation, in delivering property so sold, is simply performing one of the duties of the sheriff. This is the principle announced in *Bailey* v. *Strohecker*, 1 Am. Cor. Cases, 347.    Respondent also cites 46 N. Y., 11;

24 N. Y., 114; 3.Or., 55, and 565; 32 N. J., 439; 20 Pick., 495, and 23 Wend., 461.

By the Court, Lord, C. J.:

This is an application for a writ of mandamus to compel the transfer of certain shares of stock upon defendant's books. The plaintiff purchased shares of stock at an execution sale against H. C. Paige, received a certificate to that effect and presented it to the defendant and demanded a transfer to the plaintiff of the said stock on the books of the company, which demand was refused.

At the time of the commencement of the action, which resulted in the judgment, execution and sale, the stock was attached, and then was, and ever since has been, on the books of the company, in the name of the judgment debtor.

The defendant answered that long prior to the month of August, 1879, and prior to any action having been brought against H. C. Paige, or any attachment issued, the said H. C. Paige, in good faith, and for a valuable consideration, had bargained, sold and transferred all his right and title to said shares, and that the certificates of said stock had, prior to the commencement of said action, been transferred to certain persons, in certain proportions, all fully set forth in said answer, and that the owners of said stock lived at a distance from the office of said company, and were prevented by that fact, and by the writ of mandamus having been issued, from having the said stock transferred to them on the books of the company, etc.

To which answer plaintiffs interpose a general demurrer, which the court sustained *pro forma*, and a judgment was entered for plaintiff, from which this appeal was taken.

The first objection made by appellant is, that the writ of mandamus will not lie, for the reason that respondent has a plain, speedy and adequate remedy at law.

Under the provisions of our code, the office of this writ is

precisely the same as it was under the common law. (*Warner* v. *Myers*, 4 Or., 75.)

It may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. (Civil Code, section 583.)

But the same section further provides that the writ shall not be issued in any case where there is a plain, speedy and adequate remedy at law. The existence, or non-existence, of an adequate and specific remedy at law under the ordinary forms of legal procedure, is, therefore, one of the first questions to be determined in all applications for the writ of mandamus; and whenever it is found that such remedy exists, and that it is open to the party aggrieved, the courts uniformly refuse to interfere by the exercise of their extraordinary jurisdiction. (High's Extraordinary Legal Remedies, section 117, and authorities cited.)

The principle is said to be tersely stated by Mr. Justice Yeates in *Commonwealth* v. *Rosseter*, 2 Bur., 360, in these words: "To found an application for a mandamus, the established rule of law is, that there ought, in all cases, to be a specific legal right, as well as the want of a specific legal remedy, unless, as it is said in some cases, the remedy be extremely tedious. It is evident that it would be highly inconvenient to try civil rights in this mode of procedure, where the party may institute a suit in the ordinary legal course, and if injured, obtain a complete satisfaction, measured out to him by a jury, equivalent to a specific remedy."

Applying the same rule of construction to section 583 of our code, as was applied to a similar statute by the supreme court of California, and the last part of that section should be construed as a limitation of the powers of the court conferred by the first part of the same section, and not as an enlargement of those powers. (*Kimball* v. *Union Water Co.*, 44 Cal., 175.)

As was said by Judge Prim in *Warner* v. *Myers*, 4 Ore-

gon Reports, 75, the question is, whether respondent had a plain, speedy and adequate remedy in the ordinary course of law. If he had, the latter part of section 583, just referred to, provides that the writ of mandamus shall not issue.

From this construction of the statute of the limits and conditions of the writ, it would seem plain that the writ will be granted only when it is evident that the law has provided no other sufficient remedy.

In the proceeding for the writ in the case before us, it appears that after the sale of the shares under execution, and respondent had become the purchaser, he presented his certificate of such purchase to the secretary of the corporation and requested that the shares be transferred on the stock book, etc., and that the secretary refused to make such transfer on the ground, as alleged in the answer, that said shares had been sold before the commencement of the action at law under which respondent had purchased the same, etc., and that said owners of said stock lived at a distance from the office of the company and were prevented by that fact, and by the writ of mandamus having been issued, from having the stock transferred to them, etc. The question to be decided is, has the respondent any sufficient remedy in the ordinary course of the law, if the appellant has improperly refused to make the transfer on the stock book?

In *Kimball* v. *Union Water Co.*, 44 Cal., 175, before cited, Niles, J., said: "Conceding that upon the presentation of the certificate of stock, endorsed as stated in the petition, with the proffer of a sufficient bond of indemnity, *it was the absolute duty* of the respondents to transfer fourteen shares of the stock upon the books of the company to the relators, the question is presented whether the law affords any adequate remedy, other than mandamus, to the parties aggrieved."

It has been so frequently decided that a party entitled to stock in a private corporation has an action for damages against the corporation for the refusal of its officers to transfer the stock to him upon the company books, that it must

be considered as a settled principle of law. (*King* v. *Bank of England,* 2 Doug., 526; *Shipley* v. *Mechanics' Bank,* 10 John., 484; *Wilkinson* v. *Providence Bank,* 3 R. I., 22; *Ex parte Fire Insurance Company,* 6 Hill, 243; *American Asylum, etc.,* v. *Phœnix Bank,* 4 Conn., 172; *Sargeant* v. *Franklin Insurance Company,* 8 Pick., 90.)

In *Shipley* v. *Mechanics' Bank,* the court said: " The applicants have an adequate remedy by a special action on the case, to recover the value of the stock, if the bank have unduly refused to transfer it. There is no need of the extraordinary remedy by mandamus in so ordinary a case. It might as well be required in every case where trover would lie."

In the *City of St. Louis* v. *Bessel,* 46 Mo., 157, the court said: " It is very clear that the relator misconceives his remedy, and that he may obtain adequate and ample redress without resorting to a proceeding by mandamus. If he has a good title to the stock, he can recover the market value in an ordinary action. It is the uniform and current ruling of the courts that when a corporation *improperly* refuses to transfer stock on its books, the party injured has an ample remedy by action, and therefore a mandamus to compel such transfer will not lie."

Mr. Angell, in speaking on this subject, says: " Upon this ground a mandamus has been refused to compel a bank to permit a transfer of stock on the books of the company, since a complete satisfaction, equivalent to specific relief, may be obtained in an action on the case." (Angell and Ames on Corporations, section 710.)

In conformity with the general principle that mandamus will not lie where other adequate and specific remedy may be had at law, the courts refuse to lend their interference by this extraordinary writ for the purpose of compelling the transfer to a purchaser of shares of capital stock upon the books of an incorporated company, or to compel a company to issue certificates of stock. In all such cases full and complete satisfaction, equivalent to specific relief, may be obtained in an

ordinary action at law to recover the value of the stock; and the existence of such other remedy is a complete bar to the exercise of the jurisdiction by mandamus, where it does not appear that the particular stock in question possesses any special value over other stock of the corporation. (High's Ex. Legal Remedies, section 313; *Murray* v. *Stevens*, 110 Mass., 96; *State of Nevada* v. *Guerrero*, 12 Nevada, 107; *Birmingham Fire Insurance Company* v. *The Commonwealth*, Supreme Court of Penn., reported Feb. 11, 1880; *Baker* v. *Marshall*, 15 Minn., 180; *People ex rel. Jenkins* v. *Parker Vein Coal Co.*, 10 Howard Prac. R., 546.)

The only cases which we have been able to find in the American courts in which it has been held that mandamus would lie to compel a private corporation to transfer shares, is *Townshend* v. *McIver*, 2 Rich. N. S., 25; *Green Mount. State Turnpike Co.* v. *Buller*, 45 Ind., 1, and *Bailey* v. *Strohecker*, 38 Geo., 260.

In the case of the *State* v. *McIver*, the court holds that a railroad company, chartered by the state, is so far a public corporation that its officers owe duties to the public which they may be compelled to perform by writ of mandamus— among which are the duties relative to the capital stock of the company, and the control of the transfer thereof. The court said: "A distinction has always been observed between companies chartered as trading associations or scientific societies, or others of that character, aiming only at objects of their own, and not contemplating any benefit to the public, or taking upon themselves any public government duty or responsibility, which are exclusively private, and those where, although the inducement to their creation is individual gain, yet the interests of the community are so inseparably connected with them that what affects the one will be sensibly felt by the other."

The case of *Bailey* v. *Strohecker* is more in point to the matter before us, and is the one on which respondent chiefly relies to sustain the issuance of the writ.   Under the attach-

ment law of the State of Georgia, section 3,224, it is provided that certificates of purchase shall be granted by the officer selling, as prescribed in case of executions, and on presentation of such certificates to the proper officer of the corporation it shall be his duty to make such transfer on the books, if necessary, and afford the purchaser such evidence of title to the stock purchased as is usual and necessary with other stockholders.

The facts in the case of *Bailey* v. *Strohecker* were that Bailey sued out a writ of attachment against Cowles, and fifty shares of the stock of the company, of which Strohecker was president, were levied on, etc.; the shares were sold at public sale by the sheriff, and Bailey became the purchaser, and the sheriff so certified. Strohecker refused to transfer the shares, and a writ of mandamus was issued. The court held, on appeal, "that the legislature has substituted the proper officer of the corporation for the sheriff, and has made him *pro hac vice* a public officer, charged with the performance of this very duty, which he is required to perform on the presentation of the certificate given by the sheriff to the purchaser at the sale. If he refuses to do this duty, he may be compelled by mandamus." Under the corporation laws of this state (section 13, page 527, General Laws) the stock in all private corporations is to be deemed personal property, and subject to attachment, execution, levy and sale, and the corporation, in case of such sale, is required to make the necessary transfer thereof to the purchaser, on the stock book. Under this section, and the authority of the case of *Bailey* v. *Strohecker*, respondent claims he is entitled to the writ to compel the transfer of the shares he purchased.

But it is to be observed in the case of *Bailey* v. *Strohecker* that there were no adverse rights of other parties to the shares in dispute. Strohecker claimed that there was no authority to enforce a private right against him, or as a private officer of a private corporation, and that therefore the court had no jurisdiction.

A different state of facts is presented by the record before us. Here the right to the shares is disputed. Others, it is alleged, were the owners of these shares prior to the commencement of the action under which respondent purchased at sheriff's sale. The refusal to make the transfer to respondent is based on this ground, which did not arise in the case of *Bailey* v. *Strohecker*, and no case has been cited, nor have we been able to find one, in which a disputed claim of ownership was alleged, that the courts have held that mandamus was an appropriate or proper proceeding to pass on questions of this character. On the contrary, many decisions may be found in which the courts have directly said that they would not venture on determining such matters on mandamus. In the case of the *State of Nevada* v. *Guerrero*, the court said: "The stock demanded by relator is claimed by other parties as their property, and those persons are not before us. The present proceeding is a very imperfect mode of trying questions touching their rights. If the stock belongs to those persons, certainly respondent ought not to be required to cause it to be issued to the relator, and if this court should cause it to be so issued, it would be an indirect recognition of relator's superior rights thereto, without the presence of such persons, and without all the facts affecting their rights before us."

In the case of *Murray* v. *Stevens*, before cited, on an agreed state of facts, in which it appeared that the president of the company declined to issue the new shares, or to make a transfer, on the ground that the certificates had been fraudulently obtained from Robbins, and the assignment thereof fraudulently filled up, the court said: "Without undertaking to lay down any invariable rule on the subject, we think it must be said that this process was not intended, and is not well adapted for the trial of mere questions of property."

In the case of *Birmingham Fire Insurance Co.* v. *The Commonwealth*, Reporter, Feb. 11, 1880, page 187, in which the right to the ownership of the shares was disputed,

as appeared by the petition and answer, the court said: "If the courts here were inclined to enlarge the remedy (mandamus) it could not be done in a case where the right was disputed."

In the case of *Baker* v. *Marshall*, 15 Minn., 180, the court said: "The bridge company could not be compelled to issue certificates of stock to both of these claimants, and having issued the certificate to Clayton in good faith, under color of title in him, we cannot, in this proceeding, try the question of ownership, or the validity of his title."

In the case of the *State* v. *Rumbauer*, 46 Mo., 156, the court said: "A controversy might spring up in regard to the ownership, and that would require an adjudication at law. Courts will not venture on determining such matters by proceedings on mandamus."

From these authorities it seems clear that where disputed questions of ownership are likely to arise, or the rights of third parties to intervene, who are not parties to the record, the proceeding by mandamus will not be granted. For this reason we do not think the case of *Bailey* v. *Strohecker* can be invoked as applicable to the state of facts presented by this record.

In many of the states the general law under which corporations are organized, or their charters, provide for the keeping of a stock book, in which shall appear the names of the stockholders, the amount paid, the transfer of stock, etc., and some others provide, further, that a transfer shall not be valid, except between the parties, until the same is entered on the books of the corporation. It is true that those statutes or charters do not provide, in direct terms, that the corporation shall make such transfer to the purchaser, but such duty is, nevertheless, imposed by fair and reasonable construction and implication, to make the transfer, whether the purchaser produces a certificate of private sale or sheriff's sale. The gist of the complaint in either case would be the refusal of the proper officer of the corporation to perform a duty which the

law enjoins, and whether expressly or by implication, can make no difference.

There is no doubt that mandamus is the appropriate remedy in many instances to compel private corporations to perform numerous acts within the scope of its duties; such as producing and allowing an inspection of their books when material in a controversy at the suit of a corporator; of restoring persons to corporate offices of which they have been unjustly deprived, when the title to the same has been determined by a proper adjudication; but in such instances it is not because such officers of a corporation sustain any public relation, but because the law affords no other adequate remedy.

The principle is that where a general law or charter imposes a duty either in express terms or by fair and reasonable implication, and there is no other specific and adequate remedy, the writ of mandamus will be awarded. But if the general law of the land, or the charter, affords any other specific and adequate remedy, it must be pursued.

Nor does it appear in the case under consideration that the particular stock in question possesses especial value over other stock in the corporation, and, as was said by the court in *Shipley* v. *Mechanics' Bank*, supra, " there cannot be any necessity, or even desire, of possessing the identical shares in question. By recovering the market value of them at the time of the demand, they can be replaced." (*State v. Guerrero*, 12 Nevada R., 107; *Wilkinson v. Providence Bank*, 3 R. I. R., 22; High's Extraordinary Legal Remedies, section 313.)

Nor does the reason for the deviation from the general rule applicable to proceedings in mandamus, which influenced the court in the case of *Townshend* v. *McIver*, supra, apply to corporations of this character.

We should certainly feel great hesitation in extending the writ to corporations " established to secure great purposes of state," and of a quasi public nature, in the presence of such

decided weight of authority holding that mandamus is not the proper remedy, where, in the ordinary course of the law, a speedy and adequate remedy is furnished by an action against the corporation for the value of the stock claimed. We should certainly feel less inclined to do it in a case of this character, where no public interest is involved; where the rights of property in the shares is disputed; where it does not appear that the stock claimed possesses any special value over other stock in the corporation, and where the remedy by an action at law is fully adequate.

The judgment of the court below is reversed, and the petition is dismissed.