L. E. STEPHENS v. T. W. STEPHENS.

(Case No. 1739.)

1. DIVORCE.— In suits for divorce prosecuted against a defendant beyond the jurisdiction of the court, and who is in another state, the mode of procedure prescribed by statute for obtaining jurisdiction must be pursued in order to invest the court with power to render a judgment *in personam*.

2. SAME — SERVICE — JURISDICTION.— In such a suit, if there be no actual service made on the defendant within the state, or acceptance of service, and no appearance of defendant, then, in the absence of compliance with the statute which permits service to be otherwise made, a court can acquire no jurisdiction to decree a divorce. Citing Edrington v. Allsbrooks, 21 Tex., 189; Atkins v. Atkins, 9 Neb., 194, and other cases.

3. DIVORCE — JURISDICTION.— No legal service was made on a defendant in a divorce suit, but apparently a fraud upon the jurisdiction of the court was perpetrated, and a decree was entered divorcing the parties. A month afterwards the defendant filed her petition to vacate the judgment and to restrain the former plaintiff from again marrying. He married again before process was served on him. *Held*, the court had power to vacate its former judgment which decreed the divorce, no service of process having been made on defendant in the first suit. Citing Edson v. Edson, 108 Mass., 590; Willman v. Willman, 57 Ind., 501; Colvin v. Colvin, 2 Paige Ch., 385, and other cases.

APPEAL from Camp. Tried below before the Hon. E. A. King, Special Judge.

*Geo. T. Todd*, for appellant.

No briefs of counsel for appellee on file.

STAYTON, ASSOCIATE JUSTICE.— This is an action to set aside a judgment rendered in the district court for Camp county on the 11th of May, 1882, whereby a divorce was granted to the appellee.

The petition in this cause was filed June 10, 1882, and the ground upon which the relief is sought is, that there was no service made on the appellant in the former suit in any of the methods known to the law. She also alleged that the judgment was based on a false return of service fraudulently made by her husband or his agents or attorneys acting for him in the suit. The petition also alleges that the grounds set out in the petition for divorce did not exist, and also alleges the intention of the appellee to marry again, and asked an injunction to restrain him from so doing. The injunction was granted and the writ issued June 10, 1882, and was served on the 15th, and on the 12th of the same month the appellee married another woman.

It appears that Mrs. Stephens was in Florida at the time service in the divorce suit was desired on her, and citation issued under the provisions of arts. 1230, 1234, R. S.

We find in the record a paper which appears to be a citation issued in accordance with the statute referred to, on which is a return and affidavit as required by the statute, showing that service had been duly made on Mrs. Stephens on the 13th April, 1882, by one James J. Clark.

It does not appear that this citation, return and affidavit were marked filed by the clerk of the court.

The judgment rendered on the 11th May, 1882, declared that it appeared to the court "the defendant had been duly served with personal notice as in such case by law is made and provided."

The petition in this cause, in addition to the relief before stated, also sought a divorce on grounds therein stated.

The defendant filed general and special demurrers, which were overruled. One of the demurrers questioned the right of the appellant there to maintain an action for divorce against her husband, she not being a resident of Camp county.

The cause was tried without a jury, and it was proved by two persons, one of them being the person whose name was signed to

the return on the citation, that no personal service whatever was made on the appellant.

James J. Clark testified as follows: "I am not related to either of the parties. I know such citation or petition by T. W. Stephens against Lou E. Stephens. I know of two. I delivered one to Mrs. A. P. Roberts, who promised to give it to her daughter, Mrs. L. E. Stephens; the other I returned to Allen J. Cassaday from whom I received them. Mrs. Lou E. Stephens was not served with any such paper or papers by me. I intended the return made by me on the paper returned to Allen J. Cassaday, to be that I had made service upon Mrs. A. P. Roberts at her place of abode, and so stated to Mr. Cassaday, who replied that was sufficient. Mr. Wm. Fox, a notary public, filled out the return, as I supposed, according to my dictation; as I had no spectacles with me, I could not read it. I signed it supposing it to be just as I stated.

"Subsequently to the above a lawyer called here from Texas, who offered me $10 to go and serve another notice upon Mrs. Lou E. Stephens in person. He told me he was one of the attorneys of Mr. T. W. Stephens. I refused to serve them in the manner he proposed. I did take a note to Mrs. A. P. Roberts, but did not deliver any paper or papers to Mrs. L. E. Stephens."

Mrs. A. P. Roberts, the mother of Mrs. Stephens, fully corroborated the testimony of Clark, and fixed the date at which the transaction referred to by him occurred.

An issue of fact in relation to service on Mrs. Stephens having been made, and no other citation or return shown than the one to which Clark testified, it must be held that the recital in the judgment, that personal service was made on Mrs. Stephens, was based on the return and affidavit of James J. Clark, which by his evidence and the evidence of others is shown not to have been correct.

While it is probably true that in actions for divorce, prosecuted by one whose *status* the state in which the cause is pending has the right through its courts to determine, service on a non-resident defendant may be made otherwise than by actual service of process on such person, within the limits of the state, and that thereby the court can acquire jurisdiction which will empower it to declare the *status* of its own citizen, and that such a decree, when rendered, will be binding everywhere; yet it is as essential, in such cases, to the jurisdiction of a court that the mode of procedure through which jurisdiction is to be obtained, be pursued, as that there be personal service within the state, or an appearance in some way in the cause by a defendant, in order to give the court before which the matter

is pending jurisdiction to render a judgment *in personam*. Bishop on Marriage and Divorce, 157–164, and the authorities cited and dis‑ cussed; Freeman on Judgments, 584, and authorities cited; Cooley's Constitutional Limitations, 401–406.

It is provided by the laws of this state that service on non‑ resident defendants may be made by publication, or by actual serv‑ ice of a citation and a copy of the petition on the defendant without the state. R. S., 1230–1234.

In suits of this character, if there be no actual service on the de‑ fendant made within the state, or acceptance of service, and no appearance by the defendant, then, in the absence of a substantial compliance with the laws which permit service on a defendant to be otherwise made, a court acquires no jurisdiction to enter a decree granting a divorce. Edrington *v.* Allsbrooks, 21 Tex., 189; Atkins *v.* Atkins, 9 Neb., 194; Hafern *v.* Davis, 10 Wis., 445; Fontaine *v.* Houston, 58 Ind., 316; Bradley *v.* Jamison, 46 Iowa, 69.

The evidence in this cause shows, with all reasonable certainty, that the citation or notice and copy of the petition, in the cause in which the judgment sought to be set aside in this proceeding was rendered, were never delivered to Mrs. Stephens; and it tends to show that a false return was made, and that, with knowledge of that fact, it was imposed upon the court by the appellee.

The statute required personal service on Mrs. Stephens, service by publication not having been made (R. S., 1232), and, as such service was not made, the court acquired no jurisdiction to render the de‑ cree. Witt *v.* Kaufman, 25 Tex. Sup., 385; Edrington *v.* Allsbrooks, 21 Tex., 188. It may be that, even in a collateral proceeding, a judgment rendered under such circumstances ought not to be held conclusive; this, however, is not a collateral proceeding.

The evidence tends to show that the person to whom citation or notice and copy of petition were sent, and who delivered them to another to serve, was informed by that other that no one of the papers had been delivered to Mrs. Stephens.

If that person was the agent of T. W. Stephens, and such is the inference from the facts found, then he stands in law charged with knowledge that the return made was false; and his use of it, as if and for a true return, was a fraud upon the court as well as upon his wife, which of itself would be sufficient to require the decree thus obtained to be set aside. 2 Bishop on Marriage and Divorce, 753 *et seq.*, and cases cited; Freeman on Judgments, 99; Webster *v.* Reid, 11 How., 460.

The power of courts to vacate judgments rendered by them, on

grounds such as are set up in this cause, has been recognized and enforced in many cases, even where, by the judgment of a former term, divorce had been granted. Edson v. Edson, 108 Mass., 590; Willman v. Willman, 57 Ind., 501; Dunn v. Dunn, 4 Paige's Ch., 425; Young v. Young, 15 Minn., 181; Colvin v. Colvin, 2 Paige's Ch., 385; Smith v. Smith, 20 Mo., 167; Bishop on Marriage and Divorce, 751–753e; Freeman on Judgments, 98, 100.

The facts bearing on the question of the appellee's right to have a divorce decreed to him, under the allegations of his petition, are not contained in the record before us, nor is the case sufficiently developed to enable this court to render such a judgment as ought to be rendered; therefore, for the error of the court below in refusing to vacate its former judgment, the judgment will be reversed and the cause remanded that the court below may enter a decree vacating its judgment of May 11, 1882, whereby the bonds of matrimony between Thomas W. Stephens and Lou E. Stephens were declared to be dissolved; after which the cause should stand for trial, on the appellee's petition and the appellant's cross-bill, and such other pleadings as the parties may under leave of the court hereafter file, as though no judgment had ever been entered in the cause; and it is accordingly so ordered.

REVERSED AND REMANDED.