Swing, J.
Heyns brought an action in replevin again D. K. Norton &Sons, and replevied a certain planing machine. The action was brought before a justice of the peace. The ease was appealed to the court of common pleas, the jury returned a verdiet for the defendants, finding the right of possession in them and assessing their damage at two hundred dollars.
The following facts were virtually admitted by both parties and conclusively appear to be true from the evidence.
Henry Heyns & Co. Ayere at one time owners of the machine in controvers)7.
A. Cohen was appointed receiver of the assets of the firm oi Heyns & Co., and as such took possession of said machine. He placed the machine in the possession of one Heckman. While in the possession of Heckman, a constable levied on the machine as Heckman’s property, and sold it at public auction. The defendants in error, Norton & Sons, purchased it, paying $55 therefor. Heyns thereupon replevied the machine as before stated from Norton &Sons. The receiver, Cohen, learning of the condition of affairs, had a citation issued against Heynes for taking possession of the machine; whereupon Heyns, under order of the court, turned the machine over to the receiver Cohen, Avho aftemards sold it for $40.
*453 The evidence showed that the machine originally cost $350. An expert witness testified that at the time the machine was replevied that it was worth $200.
No evidence was given as to any damage to defendants, Norton & Sons, for being deprived of. any mere possessory right — their proven damage was the loss of the machine of the value of $200.
Upon the verdict judgment was rendered. And this action in this court is to reverse this judgment on the grounds that the judgment is excessive; that it is against the law and the evidence, and numerous other grounds.
"We don’t think that it can be questioned, but what Norton & Sons were, as between Heyns and themselves, entitled to the possession of the machine, and that to the extent that the verdict of the jury so found,, it is correct.
Neither can it be questioned that Norton & Sons were not the owners of the machine, nor can it be questioned that before the verdict and judgment of the court, the legal owner, viz: Cohen, the receiver, was placed in possession of the machine.
Under this state of facts, what were the rights of Norton & Sons,and the obligations of Heyns?
It is claimed by counsel for Norton & Sons, under the authority of the case of Armory v. Delamire, 1 Str. 504, and numerous other cases which follow this leading case, among which have been cited to us: 24 Michigan, 492; 34 N. Y. 583; 15 Conn. 302, volume 1, part 1, Smith’s Leading Cases, 679, that Norton & Sons were entitled to recover from Heyns the full value of the property, even admitting that Norton & Sons were not the owners, and had only a limited interest in the chattel.
Wells on Replevin, at section 587, says: “But when the contest is between the owner of a limited interest in a chattel, and an intruder who has no interest in the property, the owner of the limited interest is entitled to recover the property or its value, because he may be liable to account to the *454 general owner.” This is the rule, and the reason of the rule as laid down in all the cases. In some of the cases a further reason is given, viz: that the wrong-doer should be punished for his wrongful act.
Muller, for plaintiff in error.
Wilby <fc Wald, for defendant in error.
But we regard the reason as above stated by Wells as the true reason on which the rule rests.
In this case the reason for the rule does not exist. The legal owner took possession of the chattel before the trial of the cause, and Norton & Sons could not have been liable to account to the owner for the machine or its value; although they may have been for damage for loss of possession.
In our opinion, the reason for the application of the rule having ceased, the rule should cease.
The only evidence before the jury ás to damage was as to the value of the machine. Nothing was offered showing damage resulting from loss of possession, nor anything as to punishment.
If there could be any question as to Norton & Sons being responsible to the real owner for the property, or if there could be any question as to Norton & Sons’ ownership, the rule should apply; but where, as in this case, the real owmer has got possession of the property, and the parties in possession can in no event be held accountable for the value of the property to the real owner, we do not think it should apply. See Nash’s Pleadings, vol. 2, p. 831, and 4 Ohio, 72-77.
If we are correct in our viev/ of the law of this case, it follows that the verdict and judgment of the court of common pleas is not sustained by the evidence, and for this reason the judgment should be reversed. Norton & Sons may be entitled to a judgment against Heyns for damages resulting from the loss of possession. The ease will therefore be remanded to the court of common pleas for further proceedings.