Bailey *vs.* Strohecker.

SAMUEL F. BAILEY, plaintiff in error, *vs.* E. L. STRO-
HECKER, defendant in error.

38   259|
d115  106|

When an attachment was levied upon fifty shares of capital stock of a corporate company, and sold at sheriff's sale, it was the duty of the sheriff to give a certificate of purchase to the highest bidder, and on presentation of such certificate to the proper officer of the corpora. tion, it was his duty to make the necessary transfer of the stock to the purchaser on the books of the company. In such case, the sheriff does not put the purchaser in possession, but the proper officer of the corporation is, *pro hac vice*, a public officer under the Code, charged with that duty, and if he refuses to do it, *mandamus* is the proper proceeding to compel its performance.

*Mandamus.* Demurrer. Decided by Judge COLE. Bibb Superior Court. June Term, 1868.

On the 30th of April, 1866, Samuel Bailey sued out attachment against Jerry Cowles, as a non-resident of this State. It was levied as follows: "I have this day levied this attachment on fifty (50) shares of stock of the Empire State Iron and Coal Mining Company, and served E. L. Strohecker, President, with a copy of this attachment, 30th April, 1866, at 12¼ P. M.

PAT. CROWN, Deputy Sheriff.

On the 2d of July, 1866, Bailey filed his declaration thereon, declaring upon a promissory note made by Cowles, payable to Bailey.

The jury found in favor of Bailey for $750 00, with interest and costs of suit. Judgment was entered, in favor of Bailey against Cowles, defendant, and Strohecker, President, as garnishee, and the Court ordered that said attached shares of stock should be advertised and sold by the sheriff.

The officer levied said *fi. fa.* upon said fifty shares, and at sheriff's sale, sold said shares to Bailey, who bid them off at fifty dollars, and the officer so certified on said *fi. fa.* But Strohecker refused to transfer the stock to Bailey, stating substantially the facts. Bailey prayed for *mandamus nisi* against Strohecker, to compel him to make such transfer. The

rule *nisi* was issued and served. Strohecker's answer is not material. He said that this was an effort on the part of Bailey to enforce a private right against him (Strohecker) in his individual character, or as a private officer of a private corporation, and that therefore the Court had no jurisdiction.

Besides this answer, Strohecker's attorney filed a demurrer, averring, among other grounds founded on the form of the proceeding, etc., that the Court had no jurisdiction to issue *mandamus nisi*, nor to make *mandamus* absolute upon said petition and other proceedings.

The Judge sustained the demurrer upon said grounds. His dismissal of the petition upon demurrer is assigned as error.

S. T. BAILEY, (by the Reporter,) said *mandamus* is a writ of right. New Code, sections 4980, 4170, 3130. It is the proper writ where there is no other specific remedy. Bacon's Abridg. *Mandamus; Dudley's Ga. R.*, 37; 1 *Kelly Ga. R.*, 271; 2 *Kelly Ga. R.*, 290. *Mandamus* is the remedy in this case. New Code, section 3213; *Manor vs. McCall*, 5 *Ga. R.*, 522; *Gresham vs. Pyron*, 17 *Ga. R.*, 266; *Napier et al. vs. Doe et al.*, 12 *Ga. R.*, 170; *Habersham vs. Savannah and Ogeechee Canal Company*, 26 *Ga. R.*, 665.

HERNY W. COWLES, (by B. HILL,) for defendant in error, furnished no brief to the Reporter.

BROWN, C. J.

We are satisfied the Court erred in ruling that *mandamus* was not the proper remedy in this case. Section 3222 of the Revised Code points out the mode of levying an attachment upon the stock of a corporation, owned by the defendant in attachment.

Section 3223 declares void all transfers of his stock, made by the defendant, after the attachment has been levied, and provides for the sale of the stock by the sheriff.

Section 3224 declares that "certificates of purchase shall be granted by the officer selling, as prescribed in case of exe-

cutions, and on presentation of such certificates to the proper officer of said corporation, it shall be his duty to make such transfer on the books if necessary, and afford the purchaser such evidence of title to the stock purchased, as is usual and necessary with other stockholders."

The usual course is, for the sheriff who sells the property, which is not held adversely to the defendant in *fi. fa.*, to put the purchaser in possession. In case of the sale of stock in a corporate company, the sheriff can not do this, as the property is not tangible, and he has no such control over the books of the company as enables him to make the necessary transfer of the stock, which he has sold to the purchaser. In view of this difficulty, the Legislature has substituted the proper officer of the corporation for the sheriff, and has made him, *pro hac vice*, a public officer, charged with the performance of this very duty, which he is required to perform upon the presentation of the certificate given by the sheriff to the purchaser at the sale. If he refuses to do this duty he may be compelled by *mandamus*.

Judgment reversed.