THE BANK OF THE STATE OF GEORGIA *vs.* HARRISON.

*Mandamus* will not lie to compel the officers of a bank to transfer stock from a vendor to a purchaser, except under a judicial sale; in that case the bank official becomes a public officer *pro hac vice.*

*Mandamus.* Banks. Actions. Officers. Before Judge HILLYER. Fulton Superior Court. October Term, 1880.

Reported in the decision.

JULIUS L. BROWN, for plaintiff in error.

HOPKINS & GLENN, for defendant.

SPEER, Justice.

On September 10th, 1878, Z. D. Harrison filed his petition for *mandamus* against the Bank of the State of Georgia to compel the transfer of ten shares of the stock standing in the name of Shelton Edwards and for the payment of the dividends due upon it. The certificate sought to be transferred was No. 21, was for ten shares, dated 3d August, 1874. Petitioner averred that Edwards, in the spring of 1875, pledged the stock to J. M. Ball, and in November, 1875, sold it to him absolutely; that he had repeatedly demanded of the bank and its president to make the transfer which it was their duty to do, and to make such transfer on the books of the bank, and to issue to him a certificate, and to pay the dividends thereon, and that this demand had been refused. He prayed a *mandamus* against the bank and its president to compel a performance. A *mandamus nisi* was granted and served, and the bank made answer and also demurred. The demurrer was that the petitioner did not make a case that entitled him to the relief he sought in that proceeding.

The answer set forth that the stock had been previously pledged to the bank by Edwards, who was nephew of

FEBRUARY TERM, 1881. 697

The Bank of The State of Georgia vs. Harrison

Ball, and who was now insolvent, to secure a debt which was still due the bank; that through fraud Edwards had procured possession of the stock certificate and pledged it to Ball, and that there was a by-law of the bank that no stock shall be transferred so long as the party in whose name it is owes the bank, and that Ball and Edwards were cognizant of the by-law; that petitioner was informed by the bank of the facts aforesaid, and asked that he be compelled to return the script or pay the amount for which it was pledged.

The court, on the hearing, overruled defendant's demurrer to the plaintiff's petition, and the plaintiff's demurrer to answer of respondent was sustained, unless the same should be amended.

The respondent amended its answer, setting out the blank form of transfer upon the back of the script, which is in the following words:

"For value received ———— the undersigned hereby assign and transfer unto ———— ———— shares of the capital stock of the Bank of the State of Georgia, and do hereby constitute and appoint ———— true and lawful attorney irrevocably for and in ———— name and behalf to make and execute all necessary acts of assignment and transfer required by the regulations and by-laws of said bank."

It charged the transfer could not be made until the by-laws could be complied with, and that by said words in said blank indorsement Harrison was put upon inquiry to ascertain the condition of Edwards' account with said bank, and also its by-laws.

On another hearing after said amendments, petitioner dismissing all claim for dividends, and again demurring orally to the defense filed, the demurrer was sustained, and the *mandamus* was made absolute.

A new trial was moved by the bank on the ground,

(1st). Because the judgment was contrary to law.

(2d). Because there was error in overruling the demurrer to the petition.

(3d). Because of error in sustaining the demurrer to respondent's defense before it was amended.

(4th). Because there was error in sustaining the demurrer to the amended defense, and in making said *mandamus* absolute.

All of which grounds of error in said motion were over-ruled by the court and defendant excepted.

In the view we take of the questions made in the record, we consider it necessary to consider only the second ground in the motion to-wit: "That the court erred in overruling the demurrer offered to the petition."

This necessarily involves the question whether the petition for *mandamus* was the proper remedy to redress the wrong complained of.

Section 3198 of the Code provides: "All official duties should be faithfully fulfilled, and whenever from any cause a defect of legal justice would ensue from a failure or improper fulfilment, the writ of *mandamus* may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." The following section further qualifies the issue of this writ: "*Mandamus* does not lie as a private remedy between individuals to enforce private rights, nor to a public officer who has an absolute discretion to act or not, unless there is a gross abuse of such discretion, but it is not confined to the enforcement of mere ministerial duties." Code, §3199.

This was originally a prerogative writ, and not a writ of right, and its use seems to have been limited to the enforcement of official duty. It is by our own statute limited to the enforcement of the faithful discharge of official duty, lest a failure of legal justice should ensue, and this again is qualified by the words, "If there be no other specific legal remedy for the legal rights."

May it not be well asked if there is an ample and adequate remedy at law, would not that include a "specific remedy?"

The question arises, is the failure of the duty of an official of a bank corporation to transfer stock, as requested by petitioner, within the purview of either the letter or

the spirit of the Code, and does his failure result in a failure of legal justice, and is there no other specific legal remedy for the legal right? So far as our examination has gone, we cannot find in any construction of these sections of the Code by this court that it has been held that this writ lies against a bank officer to transfer stock, except when the same has been sold at a judicial sale, and on the production of the certificate of the sheriff of said sale the statute makes it the bank official's duty to make such transfer. 38 *Ga.*, 259. This is an official duty imposed by the statute in such a case upon that officer, and his failure to discharge that duty would entitle the complaining party to the writ to enforce his legal right, conferred by his purchase at the judicial sale. A failure to make the transfer, this court has held, would result in the failure of legal justice, and hence the writ would issue. In that case the court says: "The sheriff does not put the purchaser in possession, but the proper officer of the corporation is *pro hac vice* a public officer under the Code, charged with that duty, and if he refuses to do it, *mandamus* is the proper proceeding to compel its performance." In the absence of any further construction upon this question by our own court, we turn to the practice and rules of the common law and the decisions of other states where this question has been decided. One of the leading cases is that decided by Lord Mansfield, King *vs.* Bank of England, Douglass, 524, the court refused the writ to enforce the transfer of stock on the ground that "an action would lie for a complete satisfaction equivalent to specific relief."

So, also, the same doctrine was sustained in the case of Parbury and another *vs.* Bank of England. Douglass, 526. A like doctrine is maintained in 6 Hill (N. Y. Supreme Court), 243. The court say where a corporation refuses to transfer stock on its books, the party injured has an ample remedy by action, and therefore a *mandamus* to compel such would not lie.

In 20 Wendell Rep., the court of errors say : ".An action of assumpsit lies against a corporation for refusing to permit a transfer of its stock upon the books of the corporation ; case would lie, but assumpsit may be maintained."

As a general rule, a *mandamus* will not be awarded where a party has an adequate remedy by action. 1 Wendell, 318 ; 2 Cowen, 444.

In 10 Johnson, 484, Shipley *et alii vs.* Mechanics' Bank, the court say : "The applicants have an adequate remedy by a special action on the case to recover the value of the stock, if the bank has unduly refused to transfer it. There is no need of the extraordinary remedy of *mandamus* in so ordinary a case. It might as well be required in every case where trover would lie." For like ruling see 8 Pickering, 98 ; 3 Mass., 381 ; 10 *Ib.*, 402 ; 17 *Ib.*, 503 ; 7 Cranch., 299 ; 2 Kent's Com., 289-291, and Angel & Ames on Corp., 129 ; Wood on *Mandamus*, 17–23. .

But this court has, by its adjudication, recognized the right of parties, thus complaining, to seek their redress both in law and equity.

In the case of *Tuttle vs. Walton, 1st Kelly, 43,* this court sustained an action on the case to recover in that form for the purchase of shares in stock of a corporation sold under a judgment against a shareholder.

So, also, a bill was maintained to recover certain shares of stock of the Southwestern Railroad Company, which it was alleged had been illegally sold by the administrator. See 46 *Ga.*, 34.

Judgment reversed.