TERRELL, trustee, *v.* GEORGIA RAILROAD & BANKING CO.

1. The remedy of mandamus does not lie to compel the transfer of stock in an incorporated company, except in the case of a judical sale thereof.

2. An order granted by a judge of the superior court, appointing a trustee for a designated person and authorizing such trustee to sell described stock in a railroad company, in which that person has an interest, does not bring the case within the exception indicated above and, as a consequence, afford a proper basis for a mandamus against the company compelling it to transfer the stock in question to the trustee, in order that he may make a sale of the same under and by virtue of such order of the court.

Submitted March 1, —Decided April 1, 1902.

Petition for mandamus. Before Judge Brinson. Richmond superior court. November 30, 1901.

*S. C. Tapp* and *W. H. Terrell*, for plaintiff.

Fish, J. William H. Terrell was appointed trustee of Elise Beattie *et al.*, by the judge of the superior court of Fulton county, who also granted an order authorizing the trustee to sell certain shares

of the capital stock of the Georgia Railroad and Banking Company and to reinvest the proceeds of the sale in other property, to the use of the beneficiaries, under the direction of the court. Although the stock belonged to the beneficiaries, it stood upon the books of the corporation in the names of two other persons, the trustee holding certificates of stock which were in the names of such persons. The trustee, for the purpose of selling the stock, in accordance with the order granted by the judge, demanded of the railroad company that it should transfer the stock, on its books, to himself as such trustee, and issue to him a certificate for the same. The company refused to comply with this demand; whereupon the trustee petitioned the judge of the superior court of Richmond county, in which county the principal office of the company was established, for the writ of mandamus to compel the company to comply with his demand above stated. The railroad company demurred to the petition, one of the grounds of demurrer being that mandamus was not the proper proceeding for the relief which the petitioner sought. The court sustained the demurrer and refused to grant the writ of mandamus, to which ruling the petitioner excepted.

Whatever may be the rulings of other courts upon the subject, it is unquestionably true that, under the statutes of this State and the former adjudications of this court, his honor committed no error in the decision to which exception was taken. Our Civil Code contains the following provisions: "All official duties should be faithfully fulfilled, and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights" (§ 4867). " Mandamus does not lie as a private remedy between individuals to enforce private rights, . . " (§ 4868). "A private person may by mandamus enforce the performance by a corporation of a public duty as to matters in which he has a special interest" (§ 4869). Basing the decision upon these provisions of the code, this court, in *Bank* v. *Harrison*, 66 *Ga.* 696, held: "Mandamus will not lie to compel the officers of a bank to transfer stock from a vendor to a purchaser, except under a judicial sale; in that case the bank official becomes a public officer pro hac vice." The ruling in that case, we think, is conclusive of the case in hand. While a railroad company is a quasi-public corporation, and, as such, owes

many important duties to the public, the duty of transferring its stock from one person to another is no more a duty which it owes to the public than is the duty of the officers of a bank to transfer its stock from a vendor to a purchaser. In *Bailey* v. *Strohecker*, 38 *Ga.* 259, it was held that where a sheriff sold capital stock of a corporate company and, in accordance with the statute, gave a certificate of purchase to the highest bidder, on presentation of such certificate to the proper officer of the corporation it was his duty to make the necessary transfer of the stock to the purchaser on the books of the company ; that in such a case the proper officer of the corporation is, under the statute, pro hac vice a public officer charged with the duty of making the transfer; and if he refuses to do so, mandamus is a proper remedy to compel performance of the duty. It will be seen, however, that the decision in that case was put upon the statute (now embodied in the Civil Code, § 4537), providing that "Certificates of purchase shall be granted by the officer selling [corporation stock] as prescribed in cases of executions, and on presentation of such certificates to the proper officer of such corporation, it shall be his duty to make such transfer on his books, if necessary, and afford the purchaser such evidence of title to the stock purchased as is usual and necessary to other stockholders."

Counsel for the plaintiff in error contend that "The trustee here is not acting in his individual capacity, but is the agent of the law; and it is the duty of the court that appointed him to place him in possession, just as much as it was the duty of the sheriff in the 66 *Ga.* case, and the officers in the one case (of the corporation) are acting in a public capacity for the law just as much as in the other. In other words, the trustee in this case is a representative of the court and the law, and it is the duty of the law to put him in possession of what the court and the law has constituted him the custodian of," and mandamus is the proper remedy. We can not agree to this contention. The decision in 38 *Ga.*, as we have said, was based solely upon the statute. The facts of the present case do not bring it within the scope of that statute. If the trustee had sold the stock in accordance with the order authorizing him to do so, and the company had, upon demand of the purchaser, refused to transfer the stock to him and to give him a certificate therefor, such a case would be more nearly analogous to the case of *Bailey* v. *Strohecker*, supra, than the case made by the facts in this record;

but we are not prepared to say that even in such hypothetical case the writ of mandamus would lie, in behalf of the purchaser, against the company refusing to make the transfer.

*Judgment affirmed.　All the Justices concurring, except Little and Lewis, JJ., absent.*