The State, *ex rel.* Koons, *v.* The First National Bank of Jeffersonville *et al.*

No. 9728.

The State, ex rel. Koons, *v.* The First National Bank of Jeffersonville et al.

Assignment of Errors.—*Names of Parties.*—An assignment of cross errors need not give the names of the parties as required by rule of court in the assignment of errors by an appellant.

Mandate.— *Transfer of Bank Stock.—Sale by Sheriff. — Execution.*—Mandate

lies to compel the officers of a bank to give a sheriff access to its books to transfer stock of the bank to one to whom he has sold such stock on execution, as the statute, R. S. 1881, section 723, requires.

Same.—*Description of Stock.*—" Ten shares of the capital stock of said bank, then the property of" a person named, in a writ of mandate against a bank and its officers to compel them to permit a transfer of stock, is a sufficient description of the stock.

Same.—In such case, an alternative writ against the officers of a bank which, with the other necessary averments, shows that they are such officers, have charge of the transfer books, and refuse to allow access thereto by the sheriff for the purpose of transferring the stock, is good on demurrer.

Same.—*Return.*—*Pledge of Stock.*—*Surety.*— *Indemnity.*—A return to such writ by a national bank, that before the levy one H. held, and still holds, the certificates of stock in pledge to indemnify him as surety for the owner upon an unpaid indebtedness, is bad on demurrer; so, also, that the owner of the stock was, before the levy, and still is, indebted to the bank in a sum exceeding the value of the stock, and that in such case a by-law of the bank forbids a stockholder to transfer his stock.

Pledge.—*Bank Stock.*—Delivery is necessary to create a pledge, and in case of bank stock there must be an assignment of the stock on the books of the corporation, a delivery of the certificates of stock being insufficient.

From the Clark Circuit Court.

*M. C. Hester,* for appellant.

*P. H. Jewett* and *C. L. Jewett,* for appellees.

Morris, C.—The appellant, upon affidavit, procured an alternative writ of mandate to be issued out of the Clark Circuit Court, requiring the appellees and Emanuel Hawley and William H. Fogg to permit the sheriff of Clark county to transfer upon the books of said bank ten shares of its capital stock to the relator.

It was stated in the affidavit that James H. McCampbell was the president of said bank, William H. Fogg its cashier, and that Emanuel Hawley was its teller. It was also stated that on the 10th day of April, 1878, Ella Runyan recovered a judgment in the Clark Circuit Court against one David S. Koons, for $660.90; that on the 3d day of January, 1879, an execution was duly issued on said judgment to the sheriff of said county, who, on the 11th day of said month, duly levied

the same on ten shares of the capital stock of said bank, of the value of $100 each, of the property of the said David S. Koons; that on the 17th day of March, 1879, said sheriff duly sold the said ten shares of stock by virtue of the said execution and levy, to the relator, for $50, and issued to him a certificate therefor; that said sheriff thereupon called at said bank and demanded access to its books for the purpose of transferring the said stock to the relator; that the officers of said bank, viz., the said McCampbell, as president, the said Fogg, as cashier, and the said Hawley, as teller, then refused the said sheriff access to said books, and ever since have refused to permit him to make said transfer.

An alternative writ of mandate was asked, which was ordered by the court.

The writ, reciting the affidavit, was issued in due form, commanding the defendants below to permit said transfer to be made, or appear before the court on the 24th of March, 1879, and show cause, etc.

The bank entered a special appearance to the writ, and moved to quash the same. The motion was overruled, and it then filed a demurrer to the writ for want of facts. The demurrer was overruled. McCampbell, Fogg and Hawley filed separate demurrers to the writ. The demurrer of McCampbell was overruled, and those of Fogg and Hawley were sustained. No further steps were taken against Fogg and Hawley. The appellee McCampbell made return to the writ by denial of its allegations. The bank made return, in the nature of an answer, in four paragraphs, the first being a denial of the facts stated in the writ.

The appellant demurred separately to the second, third and fourth paragraphs of this answer or return. The demurrers were sustained by the court. The bank then amended its return by filing two additional paragraphs. To the first additional, or fifth, paragraph, a demurrer was sustained. The appellant replied by denial to the sixth.

The cause was submitted to the court for trial, and, at the

request of the appellees, the court found the facts and stated its conclusions of law thereon.

The court found that on the 11th day of January, 1879, David S. Koons was the owner of ten shares of the capital stock of said bank; that at that date the defendant Emanuel Hawley held the same in pledge, as collateral security and to indemnify him as the surety for said David S. Koons, upon a note held by said bank for $4,144, signed by said Koons as principal and said Hawley as surety, and that said indebtedness to said bank is unpaid. The recovery of a judgment by said Ella.Runyan against said David S. Koons, the issuing of an execution thereon, the levy upon and sale of said ten shares of stock to the relator, are found by the court substantially as alleged in the complaint, except it is found that the sale was made subject to the rights of said Hawley as such pledgee. It is also found " that immediately after said sale the sheriff demanded of said Hawley and of the said Fogg, in the banking rooms of said bank, during banking hours, the transfer books of the bank kept for the transfer of stock sold, for the purpose of transferring said stock to said relator; that said Hawley and said Fogg refused to furnish said book or permit said sheriff to have access thereto for the purpose of making said transfer; that said Fogg is, and was at the time of making said transfer, cashier of said bank, and had immediate charge of its books and business affairs; that the said Hawley is and was the bookkeeper in said bank; that James McCampbell is, and was at the date of said sale, president of said bank. On the 5th of July, 1879, said sheriff returned said execution without having made said transfer, the officers of said bank continuously refusing to permit said transfer to be made.

" Upon the facts the law is found to be as follows: The relator is the owner of said stock and entitled to have the same transferred to him upon the transfer book of said bank; that said transfer should be made subject to the rights of said

Hawley as such pledgee, and that a peremptory writ of mandate should issue to the officers of said bank, commanding them to give said sheriff access to the said transfer book of said bank, that he may transfer said stock to the purchaser, subject to the rights of said Hawley as pledgee thereof."

The appellant moved the court to correct and amend the findings and conclusions of law. This motion was overruled. Both parties excepted to the conclusions of law stated by the court.

The appellant moved the court for judgment and an order requiring said bank and its officers to permit the sheriff to transfer to the relator the said ten shares of the stock in said bank, mentioned in the complaint, without any regard to or mention of any lien of the said Emanuel Hawley, notwithstanding the finding of the court to the contrary, for the following reasons:

1st. Because said Hawley is not a party to this suit.

2d. Neither Hawley nor any of defendants has asked for affirmative relief.

3d. The finding that Hawley had such lien is not within nor pertinent to the issues.

This motion was overruled by the court. The appellant then moved for a new trial. The court overruled this motion. Judgment was then rendered by the court in accordance with its finding of facts and conclusions of law.

The relator then moved to modify the judgment, so as to secure him a transfer of said stock without reference to or mention of the rights of said Hawley. The motion was overruled.

The appellant assigns as errors the rulings of the court upon the demurrers of Fogg and Hawley to the alternative writ and upon the several motions made by him.

The bank assigns as cross errors the rulings of the court upon its motion to quash the alternative writ of mandate, upon its demurrer to said writ, and upon the demurrers to

the second, third, fourth and fifth paragraphs of its answer or return to the writ of mandate.

The appellee McCampbell also assigns as a cross error the ruling of the court upon his demurrer to the complaint.

The appellant insists that the cross errors are not well assigned, because the names of the parties are not stated in full in the assignment. He claims that the rule of this court requiring the names of all the parties to be stated in full in the assignment of errors applies to the assignment of cross errors. The rule does not expressly apply to the assignment of cross errors, and, being somewhat technical in its nature, it should be strictly construed; it should not, by construction, be so enlarged as to apply to the assignment of cross errors; besides, the object of the rule is to require the assignment to give the names of all parties, so that it might be known upon whom notice of the appeal should be served. *Nichol* v. *Henry*, *ante*, p. 54. There is, therefore, no reason why the rule should apply to cross errors. We think the objection is not well taken, and we will first consider the cross errors.

We may consider the motion to quash the writ and the demurrer to it together; for, if the motion should have prevailed, the demurrers should have been sustained.

The appellees contend that, upon the facts stated in the writ, the appellant had an adequate remedy at law, and was not, therefore, entitled to the writ; that the writ does not lie to compel a corporation to transfer upon its books shares of its capital stock when sold. This is, perhaps, as a general rule, the law. High says: "The courts refuse to lend their interference by this extraordinary writ for the purpose of compelling the transfer to a purchaser of shares of capital stock upon the books of an incorporated company, or to compel a company to issue certificates of stock." High Ex. Legal Rem., section 313. *Shipley* v. *Mechanics' Bank*, 10 Johns. 484; *Ex Parte Fireman's Ins. Co.*, 6 Hill, 243; *State, ex rel.*, v. *Rombauer*, 46 Mo. 155; *Baker* v. *Marshal*, 15 Minn. 177; *Kimball* v. *Union*

*Water Co.*, 44 Cal. 173 (13 Am. R. 157) ; *King* v. *Bank of Eng-land*, 2 Doug. 524. But it is held that where the law makes it the duty of corporate officers to make the transfer, he occupies somewhat the position of a public officer, and that in such case he may be compelled to make the transfer by mandamus. *Bailey* v. *Strohecker*, 38 Ga. 259 ; 2 R. S. 1876, p. 296, section 739. Section 1168, R. S. 1881, provides that " Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins." 2 R. S. 1876, p. 208, section 437. Section 723, R. S. 1881, provides that " Shares of stock in any corporation or company may be levied upon and sold in the county where the office and books showing the shares of stock and stock-holders of the corporation or company are kept; and the sheriff shall transfer the stock, subject to the rights of the corporation or company. The sheriff shall have access to the books of any corporation or company in his county, for the purpose of making the levy ; and if refused access, the court shall enforce the right. The shares of stock subject to be levied upon shall be bound by the execution from the time of the levy ; and when such levy is made, the sheriff shall leave the notice thereof with the officers of the company, and such levy shall constitute a lien upon the stock from the time of such levy."

The above section makes it the duty of the sheriff selling the stock to transfer it when sold to the purchaser. The transfer which the sheriff is thus required to make could only be made in this case upon the books of said bank. *Weyer* v. *Second Nat'l Bank*, 57 Ind. 198. But the sheriff could not make the transfer on the books of the bank, unless he could have access to the books; he could only obtain access to the books of the bank through its officers. The statute, therefore, by implication makes it the duty of such officers to give the sheriff access to the transfer books of the bank for the purpose of making such transfer, and, upon refusal, we think mandate the proper remedy to compel the discharge of this

duty. We think this case falls within the principle decided in the case of *Bailey* v. *Strohecker, supra,* and the case of *Rex* v. *Worcester Canal Co.,* 1 Man. & R. 529. We think this objection to the complaint not well taken. *Green Mount, etc., Turnpike Co.* v. *Bulla,* 45 Ind. 1.

It is also objected to the complaint that it does not identify with sufficient certainty the stock levied upon and sold. We think it does. It is described as " ten shares of the capital stock of said bank, then the property of said David S. Koons." We think this description sufficient to enable the sheriff to identify the stock and properly transfer the same on the appellees' books. We think the court did not err in overruling the motion to quash the writ, nor in overruling the demurrers to it.

The appellees waive the third error assigned, but insist that the court erred in sustaining the demurrer to the third paragraph of the bank's return to the writ. Assuming, as the parties seem to have done, that this mode of pleading is proper, do the facts stated in this paragraph constitute a good return to the writ?

This return states that the defendant is a national banking association, organized under the acts of Congress more than five years prior to said alleged sale of said stock; that David S. Koons, named in said writ, was on the 10th day of April, 1878, and before and at the time specified in said writ, and still is, indebted to said bank, as principal, in the sum of $4,000, and that one Emanuel Hawley was surety for said Koons on said indebtedness; that for the purpose of securing and indemnifying him, and saving him harmless from the payment of said indebtedness, the said Koons long before the 10th day of April, 1878, delivered and transferred to said Hawley the certificate of said stock for said ten shares; that said certificate was, when said judgment against said David S. Koons was obtained, and when said execution was issued and said sale made, in the exclusive possession and control of said Hawley, who held the same in pledge to himself as collateral

security for the payment of said debt; that said stock equitably belongs to said Hawley, and is subject to the right of said Hawley to hold and to keep, and of this defendant to prevent the transfer thereof, until said indebtedness shall be paid.

We think there was no error in sustaining the demurrer to this return. The statute requires the sheriff to transfer the stock subject to the rights of the bank. If Hawley had any equity in or to the stock, it was his duty to protect such rights. He made no claim to the stock, and, as between him and the relator, there was nothing to try; but had he appeared and set up the same facts, it would not have barred the relator's rights. He would still have been entitled to a transfer of the stock, subject to Hawley's equities.

The fourth return stated that David S. Koons held the stock subject to a by-law of the bank, which provided that no transfer of stock should be made by a stockholder while indebted to the bank. It is alleged that David S. Koons was so indebted at the time the sheriff sold the stock in question. We do not think that this by-law prevented the levy upon and sale of the stock held by David S. Koons. *Bank* v. *Lanier*, 11 Wal. 369. There was no error in sustaining the demurrer to this return.

Counsel for the appellees do not notice the sixth cross error assigned. It will be regarded as waived.

We think the alternative writ stated a good cause of action against both Fogg and Hawley. It is alleged that they were officers of the bank; that they had charge of its transfer books and had, as such officers, refused to allow the sheriff access to said books for the purpose of making said transfer. The demurrers admit these facts. It was their duty, if, as officers of the bank, they had charge of its transfer books, to allow the sheriff access to them. We think the court erred in sustaining the demurrers of Fogg and Hawley to the alternative writ of mandate; but, as the bank and its president were before the court, the error was perhaps harmless.

The court finds that at the time of the sale of said stock said Hawley held the same in pledge for his security and indemnity against the payment of a note on which he was liable to the bank as the surety of David S. Koons, the owner of the stock sold. This finding was, we think, within the issues of the case. If, as found by the court, Hawley, at the time the levy and sale were made, held the stock in pledge, he must have appeared upon the books of the bank as the owner of said stock. He could not have so held it in pledge, unless it had been transferred to him on the books of the bank by David S. Koons, before said levy and sale. *Wilson* v. *Little,* 2 N. Y. 443; *Bowman* v. *Wood,* 15 Mass. 534; Story Bailments, sec. 290; *Brewster* v. *Hartley,* 37 Cal. 15.

In the latter case the court says: "A pledge is a bailment of personal property as a security for some debt or engagement. * The general property in the thing pledged remains in the pledgor, and only a special property vests in the pledgee. A delivery to the pledgee of the thing pledged is essential to the contract, and until that act is performed the special property that the pledgee is entitled to hold does not vest in him. In respect to most kinds of property, a delivery of the property to the pledgee, without any written transfer of the title, is sufficient to pass the requisite special property. Incorporeal property, being incapable of manual delivery, can not be pledged without a written transfer of the title. Debts, negotiable instruments, stocks in incorporated companies, and choses in action generally are pledged in that mode. Such transfer of the title performs the same office that the delivery of possession does in case of a pledge of corporeal property. The transfer of the title, like the delivery of possession, constitutes the evidence of the pledgee's right of property in the thing pledged. The transfer in writing of shares of stock not only does not prove that the transaction is not a pledge, but the stock, unless it is expressly made assignable by delivery of the certificates, can not be pledged in any other manner."

It is the right of a pledgee, upon default of the pledgor, to sell the thing pledged. *Wood's Appeal*, 92 Pa. 379 (37 Am, R. 694). This he could not do unless he had the title.

If, as found by the court, Hawley held the stock, at the time of the levy and sale by the sheriff, in pledge, the sheriff, upon a sale of the stock upon an execution issued upon a judgment against David S. Koons, had no right to transfer the stock to the purchaser, for there was no stock in the name of D. S. Koons on the books to be transferred. The finding, therefore, is in legal effect a finding that there was no stock on the books of the bank for the sheriff to transfer to the appellant. It follows that the court did not err in overruling the motion of the appellant to correct the finding and the conclusions of law.

The appellant insists that the court erred in overruling his motion for a new trial. In this we think he is right. We have looked through the evidence carefully. It does not show that the stock was ever transferred to Hawley. On the contrary, it clearly shows that it was not. It follows that the evidence fails to show that, as found by the court, Hawley held said stock in pledge at the time the same was levied upon and sold by the sheriff, but it does show that he did not so hold it. The court further finds that, as matter of fact, the sale of the stock was made by the sheriff subject to the rights of Hawley. Neither the return of the sheriff nor the certificate of the sale of the stock shows that the sale was made subject to the rights of Hawley, nor does the officer making the sale, or any other witness, state that it was so made. We think the court erred in overruling the motion for a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.