## Boone et al. *v.* Van Gorder.

[No. 20,518. Filed April 18, 1905.]

1. CORPORATIONS.—*Shares.*—*Transfer.*—*Equitable Owner.*—A wife to whom the husband owes money and delivers shares of stock in payment thereof is the equitable owner of such stock and has the right to compel such shares, subject to the rights of the corporation and third parties, to be transferred to her on the books of such corporation.  p. 504.

2. EXECUTION.—*Stock.*—*Sale.*—A sheriff has the right to levy on and sell shares of stock in a corporation and for that purpose may have access to the books to make such levy and to transfer such stock. p. 505.

3. SAME.—*Levy.*—*How Made.*—A levy on the stock of a corporation is not made by seizing the stock certificate, but is made on the shares as registered in the corporation's books, and such levy is made subject to the paramount rights of the corporation or third parties. p. 506.

4. SAME.—*Sale.*—*Rights of Purchaser.*—The purchaser of stock sold on execution takes the legal title of the judgment debtor, subject to any equities of which such purchaser has actual or constructive notice. p. 506.

5. SAME.—*Levy.*—*Validity.*—A levy upon shares of stock registered in the name of the judgment debtor in the corporation's books is valid, although such shares are delivered to and equitably owned by another prior to the rendition of the judgment. p. 506.

6. INJUNCTION.—*Cause of Action.*—*Elements.*—In an action by the unregistered equitable owner of shares of stock against the sheriff to restrain a threatened sale of such shares, a failure to find that such stock has any value or use to plaintiff, or that the sale would cause any great or irreparable damage, or that plaintiff has no adequate legal remedy, is a finding against plaintiff and a decree should be given for defendant. p. 506.

From Grant Superior Court; *William H. Carroll,* Special Judge.

Action by Sophia C. Van Gorder against Rozella Boone and others. From a decree for plaintiff, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Elias Bundy* and *John R. Hadley,* for appellants.
*G. A. Henry* and *P. H. Elliott,* for appellee.

JORDAN, J.—Action by appellee, Sophia C. Van Gorder, to enjoin the sheriff of Grant county, Indiana, a co-appellant herein, from selling at sheriff's sale on execution twelve shares of the capital stock of the Marion Ice & Cold Storage Co., an incorporated concern domiciled and doing business at the city of Marion, in said county. This corporation appears to have been organized under the statute of this State relating to the incorporation of manufacturing and mining companies. Appellants answered the complaint

(1) by a general denial; (2) by setting up affirmative matter. Under the issues the court, on request, made a special finding of facts, and stated conclusions of law thereon adversely to appellants. Over their motion for a new trial, judgment was rendered perpetually enjoining them, and each of them, from levying on and selling said shares of stock, or from in any manner disturbing the appellee in her ownership and enjoyment thereof, and further adjudging that the appellants pay the costs of the action. Appellee alleges in her complaint that she is the owner, by purchase for value, of twelve shares of the capital stock of the aforesaid corporation. This stock, as alleged, is of the par value of $100 per share. Further facts are averred to disclose that on November 1, 1901, appellants other than the sheriff recovered a judgment for $1,750 against Charles A. Van Gorder and others in the Grant Superior Court. Execution was duly issued on this judgment, and placed in the hands of the sheriff of said county, who on February 25, 1902, levied the same on the said twelve shares of stock, and will, as charged, unless enjoined, sell the same at sheriff's sale, and apply the proceeds upon the payment of the judgment. It is alleged that appellee was not a party to the action upon which judgment was rendered, and in no manner is she concerned therein. It is charged that she was the owner and in possession of said stock before the rendition of the judgment, and the issue of the execution thereon. The sheriff has levied upon and advertised the stock for sale as the property of said Charles A. Van Gorder, and, unless immediately restrained, will, "without right or authority," sell the same, to appellee's "irreparable damage." A restraining order is prayed for, and on final hearing a perpetual injunction is demanded, enjoining appellants, or any of them, from levying on or selling the stock in question, and it is further demanded that the appellee's title to said property be forever quieted in her.

The court, in its special finding, found substantially the

following: Plaintiff (appellee herein), about 22 years
ago, received from her father's estate $2,300 in money. She
loaned this money to Charles A. Van Gorder, who was her
husband. The loan was made with the understanding and
agreement between her and him that the money should be
paid whenever he obtained money or property which he
could spare in applying to the payment of said loan. Her
said husband, Charles A., at the organization of the Marion
Ice & Cold Storage Co., subscribed and paid for forty
shares of the capital stock of said concern. These shares
of stock were his property, twenty of which on the 10th
day of September, 1901, he sold to one Fred Eward, for
which a certificate was issued by the company to Eward. On
the same date a certificate was issued to said Charles A. Van
Gorder for the other twenty shares of stock. Sometime
in September, 1901, after receiving the stock certificate for
the twenty shares, he delivered it to appellee, his wife, to
be applied by her as a payment upon the loan of $2,300.
She accepted it as a payment thereon. After the delivery
of the certificate to appellee, her said husband at no time
thereafter had possession or control thereof; but it has ever
since been in her possession and under her control, and she
has claimed to be the owner thereof. On the 13th day of
November, 1901, she caused eight shares of stock so re-
ceived by her to be turned over to Barley & Spencer as a
payment upon a house and lot which she had purchased,
and a stock certificate for these shares was made out and
issued to said parties by the company. On the same day
a certificate for the remaining twelve shares was also made
out in the name of said Charles A. Van Gorder, and issued
to him by the corporation. This certificate he delivered to
the appellee, and it represents the twelve shares of stock
in controversy in this action. The stock represented by
this certificate was at no time transferred to appellee on
the books of the corporation, but stands and remains regis-
tered therein in the name of Charles A. Van Gorder, as his

property.   Since the delivery of this certificate by him to appellee, a dividend on the stock has been paid to him by the company.   The money received was by him paid over to appellee.   The par value of the stock in controversy at the time the certificate was delivered to appellee was $100 per share.   In March, 1900, said Charles A. Van Gorder became a surety on the bond of one McCray, who had been granted a license under the statute of this State to sell intoxicating liquors.   At the time he executed this bond as one of the sureties he was the owner of the forty shares of stock, as hereinbefore stated.   On March 6, 1901, an action was commenced against him and others on said bond by appellant Rozella Boone and her co-appellants other than the sheriff to recover damages for the death of the husband of said Rozella Boone; his death being due to the unlawful sales of liquor to him by said McCray.   On November 1, 1901, a judgment for $1,750 was rendered in said action for the plaintiffs therein against the defendants.   An execution was issued upon the judgment to the sheriff of Grant county, who on February 25, 1902, levied the writ on the twelve shares of stock herein in controversy, taken as the property of Charles A. Van Gorder; and the sheriff is threatening to sell the same under the execution in question, and will do so unless enjoined by the court.

Upon these facts the court stated its conclusions of law to the effect that appellee on February 25, 1902, was the owner in her own right of the shares of stock in controversy, and that the levy thereon by the sheriff under the execution was wrongful, and that the appellants, and each of them, ought to be perpetually enjoined from selling said property.

Exceptions to the court's conclusions were duly reserved, and it is assigned in this appeal that the court erred in its conclusions of law.   It is argued by appellants' counsel that under the facts set out in the special finding the conclusions of law can not be justified.   Section 5059 Burns

1901, Acts 1891, p. 344, pertaining to the organization of manufacturing and mining companies, provides that "the stock of such company shall be deemed personal estate, and when fully paid in shall be transferable in such manner as the by-laws may prescribe."

1. The special finding discloses that whatever rights appellee has acquired to the shares of stock in controversy are by virtue of the mere delivery to her of the stock certificate. The stock has never been transferred to her on the books of the company, but remains and stands registered therein in the name of and as the property of her husband Charles A. Van Gorder. The special finding does not show that the corporation had adopted any by-law prescribing the manner in which stockholders should transfer their stock. It appears, however, by the record, that appellants, on the trial, introduced in evidence a by-law of the company providing as follows: "A registered stock-book shall be kept by the secretary of the corporation, and no transfer of stock shall be valid except on such book by a stockholder in person or by power of attorney executed for that purpose."

It is insisted by counsel for appellants that the court in its special finding, under the evidence, should have found in respect to the existence of this by-law. As the finding, however, is silent in regard to the by-law in dispute, therefore, in reviewing the questions presented by the conclusions of law, we can not consider the effect of this by-law upon the transfer of the stock in controversy. Under the facts alleged in the complaint, and as found by the court, the title which appellee acquired to the stock in controversy, as between herself and her husband, the legal owner, was merely an equitable one, or, in other words, she had the right as against him to have his legal title or interest in the stock transferred to her, subject or subordinate, however, to any existing paramount rights of the corporation and third parties. *Bruce* v. *Smith* (1873), 44 Ind. 1; *Cole-*

Boone *v.* Van Gorder.

*man* v. *Spencer* (1839), 5 Blackf. 197; *Helm* v. *Swiggett* (1859), 12 Ind. 194, and cases cited; *State, ex rel.,* v. *First Nat. Bank* (1883), 89 Ind. 302. In *Helm* v. *Swiggett, supra,* the court said: "Ownership simply of a certificate of stock in the bank did not constitute the owner a stockholder. It required a transfer of the stock to him upon the books of the bank." In addition to the above authorities in respect to the rights acquired by a transferee of stock of a corporation through the mere delivery by the legal owner of the certificate representing such stock, see 39 Albany L. J. 164-166; 2 Beach, Priv. Corp., §§634-637; 10 Cyc. Law and Proc., 597-605.

2. Section 735 Burns 1901, §723 R. S. 1881, provides: "Shares of stock in any corporation or company may be levied upon and sold in the county where the office and books showing the shares of stock and stockholders of the corporation or company are kept; and the sheriff shall transfer the stock, subject to the rights of the corporation or company. The sheriff shall have access to the books of any corporation or company in his county, for the purpose of making the levy; and if refused access, the court shall enforce the right. The shares of stock subject to be levied upon shall be bound by the execution from the time of the levy; and when such levy is made, the sheriff shall leave the notice thereof with the officer of the company, and such levy shall constitute a lien upon the stock from the time of such levy."

It will be observed that §5059, *supra,* declares that the stock of the company shall be deemed to be personal estate. The evident purpose of §735, *supra,* is to place shares of stock of a corporation, owned by a judgment debtor, so far, at least, as the right to levy thereon is concerned, on a parity with other personal property owned by him. It is "the shares of stock in any corporation or company" upon which this statute authorizes a levy, and the sheriff is empowered thereunder to transfer on the books of the corporation to

the purchaser at the execution sale the shares of stock sold to him. *State, ex rel., v. First Nat. Bank, supra.*

3. The levy is not made by seizing the stock certificate issued by the corporation to the judgment debtor, but it is made upon his shares of stock as registered in the books of the company, access to these books is accorded by the statute to the sheriff for the purpose of making the levy. The statute in question evidently contemplates that the officer in making the levy shall be governed by the books of the corporation; and whatever stock they disclose as owned by or belonging to the judgment debtor may, as previously said, be levied upon, subject to any existing paramount rights of the corporation or third parties. In respect to the relative rights of an unregistered transferee of stock, and execution or attaching creditors of the transferrer, see Helliwell, Stock and Stockholders, §361; 2 Cook, Corporations (5th ed.), §§486, 487.

4. As to whether appellants at the time of the levy in question had notice of the transfer of the stock certificate to appellee, the special finding is silent. In the event of the consummation of the threatened sale upon execution of the shares of stock in controversy, the purchaser thereof will acquire whatever legal title Charles A. Van Gorder, the judgment debtor, has therein, subject of course to any valid existing right or title of appellee or others thereto, of which right or title such purchaser at the time of the sale may have actual or constructive notice.

5. It follows that, under the facts exhibited by the special finding, the levy in question is not illegal or wrongful.

6. Again, upon another view of the question, there are no facts in the special finding going to show that the stock or property in question is of any peculiar value or use to appellee; neither does it appear that the threatened sale by the sheriff will cause her to suffer any great or irreparable damage. It may truly be said that there are no facts

to indicate that she has not an adequate legal remedy, and therefore is compelled to resort to the harsh and extraordinary remedy of injunction.   In this respect the case falls clearly within the rule enforced in *Allen* v. *Winstandly* (1893), 135 Ind. 105; *Wabash R. Co.* v. *Engleman* (1903), 160 Ind. 329; *Shafor* v. *Fry* (1905), *ante,* 315.

We are constrained to hold that, upon either view under the facts, the court erred in its conclusions of law, for which error the judgment is reversed and the cause remanded, with instructions to the lower court to restate its conclusions of law to the effect that the plaintiff (appellee herein) take nothing by this action.