IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1908, AND MAY TERM, 1909, IN THE NINETY-THIRD YEAR OF THE STATE.

---

### HILL v. KERSTETTER.

[No. 6,319. Filed January 5, 1909.]

1. PLEADING.—*Complaint.*—*Theory.*—*Title to Bank-Stock.*—*Notes.* —*Release.*—A complaint alleging that defendant owed to the plaintiff a certain note and that he sold and delivered to the plaintiff in payment thereof certain shares of bank-stock, and claiming title to such stock, and the dividends thereon, is not based upon such note, and answers thereto, which do not deny the complaint, and which show the payment, release, satisfaction and discharge of such note by the defendant are bad. p. 3.

2. BANKRUPTCY.—*Discharge.*—*Subsequent Contracts as to Debt.* —*Consideration.*—A discharge in bankruptcy does not discharge a debt, and the bankrupt's subsequent agreement to transfer certain stock to the creditor in consideration of a discharge of such debt, is supported by a valuable consideration. p. 4.

3. PLEADING.—*Answer.*—*Bankruptcy.*—*Discharge by Agreement.*— An answer, to a complaint claiming the ownership of certain shares of stock and the dividends thereon, alleging that the defendant owed to the plaintiff a certain note, that plaintiff agreed with defendant that if defendant would not publish plaintiff's name as one of defendant's creditors in bankruptcy, the plaintiff would discharge defendant from any obligation to pay the debt, is bad, since it is not responsive to the case. p. 4.

4. CORPORATIONS.— *Stock.*— *Sale of.*—*Delivery.*— *Title.*—*Equitable.* —*Legal.*—The sale and delivery of shares of stock, without a transfer thereof on the books of the corporation, vest the equitable, but not the legal, title thereto in the purchaser; and such purchaser has the right, as between himself and the vendor, to the dividends thereon. *State, ex rel.,* v. *First Nat. Bank, etc.,* 89 Ind. 302, criticised. p. 4.

5. PLEADING.—*Answers.—Overruling Demurrer to.—Facts Provable Under Another.*—Error in overruling a demurrer to an insufficient affirmative paragraph of answer is not rendered harmless because the facts stated therein are provable under the general denial already pleaded. p. 6.

From Elkhart Circuit Court; *William J. Davis*, Special Judge.

Suit by Warren G. Hill against Edmund R. Kerstetter. From a decree for defendant, plaintiff appeals. *Reversed.*

*Zook & Jay*, for appellant.
*Skinner & Wider*, for appellee.

RABB, J.—The receiver of the Elkhart National Bank filed his petition in the court below, showing that he had sufficient funds in his hands to pay a dividend to the stockholders, and that appellant and appellee both claimed to be the owners of certain shares of stock and entitled to the dividend, and asked that they be required to come into court and litigate their right to the stock and the dividend to be paid thereon. The prayer of the petition was granted, the proper order made, and the parties appeared, and, in order to present for adjudication their respective claims to said stock, the appellant filed a complaint, alleging that the stock in question was originally owned by appellee, who held a certificate therefor; that afterwards, in the year 1899, without more specifically naming the date, the appellee was indebted to appellant in the sum of $200, for which appellant held appellee's note (the note is made a part of the complaint); that in payment of this note appellee sold the stock in controversy to appellant, and, in execution of the contract of sale, delivered to him the certificate therefor, which he then held; that, as a part of the contract for the purchase of said stock, and the further consideration therefor, appellant agreed to pay the appellee all that he might realize on the stock over and above the $200, and interest on that sum, from the date of the note until the payment on the stock,

and the costs of collecting the money on the stock; that he had never received any money whatever upon said stock.

To this complaint the appellee filed his answer in four paragraphs, the first of which was a general denial. In the second, it was averred that after the execution of the note described in appellant's complaint, for a good and valuable consideration, appellant released the appellee from any liability thereon. The third paragraph averred that, after said note was executed, the appellee was duly discharged in bankruptcy, and thereby released from the payment of the note. The fourth paragraph averred that on May 19, 1899, the appellee was about to file a voluntary petition in bankruptcy, and that, in consideration of a promise by appellee that the name of the appellant should not appear in the schedule of his creditors, filed by the appellee in such bankruptcy proceeding, the appellant released appellee from the payment of said note and all obligations thereon.

Appellee contends that appellant's complaint is based upon the promissory note, and that these paragraphs of answer proceed upon that theory.

While the appellant's complaint is not as full and as clear as it might have been, we think it is not susceptible of the construction given to it by the appellee. The question the parties were called into court to adjudicate was their claims to the bank-stock and the dividend to be paid thereon; and the complaint was addressed to this question. Its averments are that the appellant took the stock, under an agreement with appellee, in payment of the note. No rights are asserted under the note, but, on the contrary, it is thus directly averred that the note was paid, and was paid by the sale to appellant of the stock. It is averred further, that, in execution of this contract of sale, the certificate of stock was delivered to appellant. These allegations of the complaint are admitted by each one of these three separate paragraphs of appellee's answer, by failing to deny them, and they are sought to be avoided by

averring the release of the debt, in the second paragraph, for an alleged valuable consideration. This valuable consideration may have been, as appellant avers it was, the sale of the stock in question. The third paragraph avers no valuable consideration for the release of the debt.

2. The discharge in bankruptcy did not discharge the debt, and the payment of the debt would be a sufficient consideration to support the transfer of the stock to the appellant by appellee, after his discharge in bankruptcy.

3. The fourth paragraph, setting up the agreement of appellee to omit appellant's name from the list of his creditors in his schedule filed in the bankruptcy proceeding is equally bad, and not responsive to the complaint. It is addressed to a supposed right of recovery upon the note, and not to the title to the stock in controversy.

4. It is earnestly insisted by appellee that the transfer of the stock, by the simple delivery of the certificate to the appellant, would vest in appellant no right whatever. In this view we cannot concur. It is essential, in order that a perfect and complete legal title to stock in a private corporation pass by a sale of such stock, that the transfer of the stock should be made upon the books of the corporation. The certificate issued by the corporation is not the stock; it is simply evidence of the owner's right to the stock, very much the same as a promissory note is evidence of a debt. Where the stock is sold by the holder, or pledged as a security for the payment of a debt, and as evidence of the transaction the certificate is delivered to the purchaser, or creditor, as between the parties to the transaction the sale or pledge will be upheld. 2 Cook, Corporations (5th ed.), §374; 10 Cyc., 598, and cases cited; 2 Beach, Priv. Corp., §§612, 620, 639, and cases cited; *Baldwin* v. *Canfield* (1879), 26 Minn. 43, 55, 1 N. W. 261; *Pitot* v. *Johnson* (1881), 33 La. Ann. 1286; *Blouin* v. *Liquidators of Hart & Herbert* (1878), 30 La. Ann. 714; *Beardsley* v. *Beardsley* (1891),

138 U. S. 262, 11 Sup. Ct. 318, 34 L. Ed. 928; *Bruce* v. *Smith* (1873), 44 Ind. 1; *Boone* v. *Van Gorder* (1905), 164 Ind. 499, 108 Am. St. 314.

Appellee cites, with apparent confidence, the case of *State, ex rel.,* v. *First Nat. Bank, etc.* (1883), 89 Ind. 302, as being an authority decisive of this question. There are some statements to be found in the opinion in that case that lend support to the appellee's contention, but they are *obiter dicta,* and do not correctly state the law, and are not binding. The question there arose between the sheriff and the bank officers, upon an application for a writ of mandate to the officers, requiring them to permit the sheriff to enter upon the books of the bank the transfer of stock which he had sold on execution, and which stood in the name of the execution defendant, and the question presented was whether the officers of the bank had the right to refuse the sheriff access to the books for this purpose, because the certificate of the stock sold had been delivered to some third person. We think the court correctly held that the bank officers had no right to refuse the sheriff access to the books to perform his official duty. The question as to the rights between the holder of the certificate and the purchaser at the sale was not involved in the controversy, and no court has ever held that, as between the immediate parties to the transaction, the delivery of the certificate of stock in a private corporation to the purchaser, or the delivery of the certificate of stock to a creditor in pledge for a loan made, will not vest in him the equitable right to the stock, although no transfer has been made upon the books of the corporation. No rule of law or principle of equity would justify such a holding.

The Supreme Court said in the case of *Boone* v. *Van Gorder, supra,* which was a case involving a question similar to the one in the case of *State, ex rel.,* v. *First Nat. Bank, etc., supra,* said: "Under the facts alleged in the complaint, and as found by the court, the title which appellee acquired to the stock in controversy, as between her-

self and her husband, the legal owner, was merely an equitable one, or, in other words, she had the right as against him to have his legal title or interest in the stock transferred to her, subject or subordinate, however, to any existing and paramount rights of the corporation and third persons.''

So here, under the facts averred in the complaint, the appellant is entitled to the stock and all dividends thereon evidenced by the certificate which he holds, as between him and the appellee, the rights of no third persons intervening.

The point is made by appellee, we think without due consideration, that because he has an answer of general denial to the complaint, under which all facts that might

5. have been proved under his special answers would have been admissible, therefore no error intervened in the court's holding these answers sufficient, and overruling the demurrer. Appellee's counsel have evidently confounded, with what he is contending for, the rule that, where a demurrer has been sustained to a good paragraph of a pleading, no reversible error intervenes if all the facts that are pleaded in the paragraph to which a demurrer has been sustained are admissible in evidence under other paragraphs remaining in; but there is a very wide difference between holding a bad paragraph of answer good, which is a complete defense to an action standing by itself, and holding a good paragraph of answer bad, where everything that is alleged in it may be proved under some other plea.

The judgment of the court below is reversed, with instructions to sustain appellant's demurrer to the second, third, and fourth paragraphs of appellee's answer.