## BRUMBAUGH v. MELLINGER.

[No. 9,604.   Filed November 7, 1918.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Questions not presented in the propositions and points in appellant's briefs are waived. p. 413.

2. BILLS AND NOTES.—*Burden of Proof.—Fraud or Illegality.*—Where fraud in the procurement of a note is set up as a defense in a suit thereon by an indorsee, the burden is on the plaintiff to show his protection from such defense as a good-faith purchaser for value before the maturity of the note. p. 413.

3. APPEAL.—*Review.—Instruction Misplacing Burden of Proof.—When Harmless.*—The giving of an instruction which places the burden of an issue on the wrong party is generally reversible error, but a judgment will not be reversed for such error where the record affirmatively shows that it was harmless. p. 414.

4. SALES.—*Sales Induced by Fraud.—Remedies of Purchaser.—Avoidance.*—A sale of property induced by fraud is not void, but only voidable at the election of the purchaser, the title, in such a sale, passing to the purchaser, and so remaining, unless he rescinds. p. 414.

5. SALES.—*Sale Induced by Fraud.—Rescission.—Restoration of Property.*—If a defrauded buyer elects to rescind the contract of sale, he must make a complete restoration of everything of value received under the contract. p. 415.

6. CORPORATIONS.—*Sale of Stock.—Action on Purchase Note.—Defense of Fraud.—Restoration of Stock.*—In an action on a note

given for the purchase price of corporate stock, defendant, in the absence of an offer to restore the stock, could not prevail on the ground of fraud inducing the purchase unless the stock was worthless at the time he bought it. p. 415.

7. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—*Misplacing Burden of Proof.*—In an action on a note given for corporate stock, where defendant made no offer to restore the stock, and the evidence showed that it had a substantial value when purchased, a finding against him on his answer of fraud in the procurement of the note was right, so that an instruction improperly placing the burden of proof on the issue upon him was harmless. p. 415.

8. CORPORATIONS.—*Stock Certificates.*—*Failure to Deliver.*—*Restoration of Stock.*—Certificates of corporate stock are not the stock and do not constitute the title thereto, but are merely evidence of a purchaser's title, so that, in an action on a note given for corporate stocks, the purchaser was bound to make restoration to avoid payment of the note for fraud, even though he had never received the certificate. p. 416.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by John C. Mellinger against Frank Brumbaugh and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Edward B. Zigler* and *Van Fleet, Hubbell & Dinnen,* for appellants.

*Dausman & Dausman,* for appellee.

BATMAN, J.—This is an action by appellee against appellant Brumbaugh on a promissory note, payable to Goshen Concrete Tile Manufacturing Company, and assigned to appellee. Appellant filed an answer in four paragraphs. The first was a general denial. The second alleged that the note was given without consideration, and that appellee accepted the same after maturity, with full knowledge of such fact. The third is a plea of payment. The fourth alleges in substance, among other things, that the note was

given in payment of the purchase price of ten shares of stock in the above-named company, which was a corporation duly organized and existing under the laws of the State of Indiana, and doing business in the city of Goshen in said state; that he purchased said stock of said company through one Miller, who accepted said note in payment of the purchase price thereof; that said Miller was in charge of the business of said company, and that, at the time of the execution of said note, both he and appellee were familiar with the financial standing of said company; that, in order to induce him to purchase said stock and execute said note, the said Miller represented to him that the stock of said company was worth par, and that dividends were being paid thereon at the rate of six per cent. per annum; that he had no knowledge of the value of said stock, and no means of ascertaining such knowledge except through said Miller; that he executed said note, relying solely upon the representations of said Miller; that he has since learned that said representations were fraudulent and untrue; that said stock was not paying a dividend of six per cent. per annum, or in fact any dividend; that at the time of the execution of said note said company was insolvent, and its stock was worthless; that appellee accepted said note from said company, knowing all the representations made to him by said Miller, and that said note was not indorsed and delivered to appellee by said company until after its maturity; that said company is now in the hands of a receiver, and its liabilities are far in excess of its assets. To each of said affirmative paragraphs of answer appellee filed a reply in general denial. Appellant Aaron S. Zook, assignee of the Goshen

Concrete Tile Manufacturing Company, was made a party on his own motion, and tendered an issue as to its ownership of the note, which was met by a general denial on the part of appellee. The cause was submitted to a jury for trial, resulting in a verdict for appellee, on which judgment was rendered. Appellant Brumbaugh filed a motion for a new trial, alleging that the verdict is not sustained by sufficient evidence and is contrary to law; and that the court erred in giving to the jury, on its own motion, instructions Nos. 1 to 8 inclusive, and each of them. This motion was overruled, and appellant Brumbaugh has assigned this action of the court as the sole error on which he relies. The remaining appellant has not assigned errors.

The only question presented by appellant Brumbaugh in his propositions and points relates to the action of the court in giving instruction No. 4

1. on its own motion. All other questions are therefore waived, and will not be considered. *Chesapeake, etc., R. Co.* v. *Jordan* (1916), 63 Ind. App. 365, 114 N. E. 461; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752.

Said instruction No. 4, given by the court on its own motion, is in part as follows: "It is also claimed in this fourth answer that the stock

2. was entirely worthless, and that Mr. Mellinger bought the note knowing that Miller had made a false representation in regard to the payment of dividends at the time he bought the note. So that the burden is on the defendant to prove by the preponderance of the evidence not only that Miller made false representation, but that Mr. Mellinger when he

bought the note knew of the false representation, or that he bought the note after maturity, because it is alleged that it was bought after maturity."

Appellant contends that, where fraud in the procurement of a note is set up as a defense to the same in a suit by an indorsee, the burden is on the plaintiff to show his protection from such defense as a good-faith purchaser for value, before the maturity of the note; that this instruction violates this rule, and its giving was therefore error. In this contention appellant is fully sustained by the authorities. *Bright Nat. Bank* v. *Hartman* (1916), 61 Ind. App. 440, 109 N. E. 846, and cases there cited. But appellee contends that the giving of said instruction, if 3. error, was harmless. It is well settled that, as a general rule, the giving of an instruction which places the burden of an issue on the wrong party is reversible error. *Johnson* v. *Samuels* (1917), 186 Ind. 56, 114 N. E. 977; *Indianapolis, etc., Traction Co.* v. *Sherry* (1917), 65 Ind. App. 1, 116 N. E. 594. This general rule, however, yields to the exception that, where the record affirmatively shows that such error was harmless, the judgment will not be reversed. *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869; *Evansville, etc., R. Co.* v. *Scott* (1916), 67 Ind. App. 121, 114 N. E. 649; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242.

In this case we may accept as established facts that the note in suit was executed by appellant, as part payment for certain corporation stock; 4. that it has never been paid; and that $75 is a reasonable attorney's fee for collecting the same. With these facts settled, only the questions

relating to the alleged fraud in the procurement of the note, and a want of consideration therefor, remain. As affecting the former question, it should be borne in mind that a sale of property induced by fraud is not void, but only voidable at the election of the party defrauded. In such a sale the title to the property passes to the purchaser and so remains, unless he rescinds the contract by which the sale is made. If he elects to rescind, he must make a complete restoration of everything of value he has received under the contract, as the law will not permit him to undo the same, while retaining anything of value which he has received thereunder. *Citizens' St. R. Co.* v. *Horton* (1897), 18 Ind. App. 335, 48 N. E. 22; *Jarrett* v. *Cauldwell* (1911), 47 Ind. App. 478, 94 N. E. 790; *Barnard* v. *First Nat. Bank* (1916), 61 Ind. App. 634, 111 N. E. 451; *Home Ins. Co.* v. *Howard* (1887), 111 Ind. 544, 13 N. E. 103; *Thompson* v. *Peck* (1888), 115 Ind. 512, 18 N. E. 16, 1 L. R. A. 201; *Adam, etc., Co.* v. *Stewart* (1902), 157 Ind. 678, 61 N. E. 1002, 87 Am. St. 240.

In this case the evidence shows that the note in suit represents the purchase price of certain corporation stock, but there is no evidence that appellant has made, or offered to make, restoration thereof. Under these circumstances, appellant could not prevail in this action on the ground of fraud, however gross it may have been, unless there was evidence that the stock was worthless at the time he purchased the same, as he has alleged. The uncontradicted evidence in this regard shows that, at the time appellant purchased the stock in question, the company had outstanding 182 shares of stock of the par value of $50 each; that

it had real estate of the value of $2,000, machinery of the value of $1,500, and merchandise, cash, bills and accounts receivable amounting to $1,931.58; that its liabilities consisted of bills and accounts payable, amounting to $2,300.89, leaving net assets amounting to $3,130.69. There was also evidence that the stock was worth par in the market when the sale was made to appellant. It thus appears as an established fact that the stock was not worthless when appellant purchased the same, but had a substantial value. This being true, a finding against appellant on his answer of fraud was right, in the absence of evidence of restoration. Under these circumstances, the giving of instruction No. 4, although error, was harmless, as appellant, under the evidence, would not have been entitled to recover on the issue tendered by said answer, if a correct instruction on the question involved had been given.

The fact that the evidence was conflicting as to whether appellant ever received the certificates, representing the stock he had purchased, does not

8. change the situation. The certificates were not the stock, nor did they constitute title thereto. They were only evidence of appellant's title to the stock he had acquired, and, while they were convenient for such purpose, they were not indispensable. *Indianapolis, etc., R. Co.* v. *Meek* (1858), 10 Ind. 502; *Hill* v. *Kerstetter* (1909), 43 Ind. App. 1, 86 N. E. 858; *Galbraith* v *McDonald* (1913), 123 Minn. 208, 143 N. W. 353, Ann. Cas. 1915A 420, L. R. A. 1915A 464; *Yeaman* v. *Galveston City Co.* (1914), 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E 191, and note. The undisputed evidence shows that certificates evidencing the stock in question had

Commercial, etc., Bank Co. *v*. Citizens Nat. Bank—68 Ind. App. 417.

been mailed to appellant. Whether he had actually received them does not determine his title to the stock, and hence is not a matter of controlling importance. The fact that they were not in his actual possession, so that he could make a physical surrender of them, did not relieve him of the necessity of taking such steps as would be effective in making the required restoration, if he desired to avoid payment of his note on the ground of fraud.

It is evident from what we have said with refer-ence to the value of the stock, at the time appellant purchased the same, that his answer of want of consideration was not sustained. We find no error in the record. Judgment affirmed.

Dausman, J., not participating.

NOTE.—Reported in 120 N. E. 676. Corporations: necessity of issuance or tender of stock certificate to render subscriber liable as a stockholder, L. R. A. 1915A 465; effect of inability to restore to *statu quo* on right to rescind stock subscription for fraud, 33 L. R. A. 725. See under (4) 35 Cyc 63; (5) 35 Cyc 146; (6, 8) 14 C. J. 478, 698.